## STATE v. COLEMAN.

1. TWO OFFICES—DE FACTO OFFICER—DE JURE OFFICER.—A CLERK OF COURT duly elected and commissioned, and thereafter accepting the office of intendent of a town, thereby vacates the office of clerk; but so long as he performs the duties of clerk, and no other person lawfully entitled to the office demands it, he acts as *de facto* clerk.

2. JEOPARDY.—A defendant is not in jeopardy by beginning a trial before only eleven legal jurors.

3. IBID.—Where a jury charged with a case is dismissed on defendant's motion, he has not been put in jeopardy.

Before GARY, J., Saluda, May, 1898.    Affirmed.

Indictment against Abe Coleman.    From verdict and sentence, defendant appeals.

*Messrs. Jno. H. Peurifoy* and *C. J. Ramage,* for appellant, cite: *Mayor and aldermen are public officers:* 2 S. C., 80. *Accepting another office amounts to surrendering the one held:* Bail. Eq., 511; 8 S. C., 45; 9 S. C., 156, 259; 29 La., 824; 35 Ind., 111; 44 Ind., 401; art. II., sec. 2, Con. 1895. *Disqualifying act vacates office of clerk:* 53 S. C., 173.    *And judge of probate to take office:* Rev. Stat., 775.    *Title to de facto office may be attacked collaterally:* 27 S. C., 440; 6 East., 366; 122 Mass., 445.

*Assistant Attorney General,* contra, for Solicitor Thurmond (oral argument).

Feb. 28, 1899.    The opinion of the Court was delivered by

MR. JUSTICE POPE. The defendant was convicted of the misdemeanor of selling liquor contrary to the statute law of this State. After the sentence, he appealed therefrom, and for error alleged: First. That the Court of General Sessions for Saluda County was without jurisdiction to try him, because the person who acted as clerk was not such officer, having accepted the office of intendant of the town of Saluda, after he had been elected, qualified and commissioned as clerk of the Court of Common Pleas and General Sessions for said county of Saluda. Second. That the Circuit Judge erred in overruling the plea of former jeopardy

We will pass upon these questions in their order. 1. The facts underlying the contested matter are admitted; hence, the law applying to such a state of facts is all that will be necessary to consider in disposing of the first question. The distinction between an officer *de jure* and one *de facto* is too well recognized to need any words of explanation. In the case at bar it is established that Mr. Crouch had been duly elected, qualified and commissioned as clerk of the Court of Common Pleas and General Sessions, and had been for a year or two in possession of such office, and fully discharging its duties. But it is claimed that although Mr. Crouch was *de jure* clerk of the Circuit Court, up to say 14th April in the year 1898, that after that date he was no longer entitled to be considered a *de jure* clerk, because he had accepted the office of intendant of the village or town of Saluda. Not only so, but that he was not entitled to be considered a *de facto* officer. The Constitution adopted in the year 1895, in article 2, section 2, provides: * * * "But no person shall hold two offices of honor or profit at the same time"—unquestionably the intendant of the town of Saluda is an office of honor, and the office of clerk of the Circuit Court for Saluda County is an office of profit. It would seem therefore that Mr. Crouch fell within these words of the Constitution. Our General Statutes provide that the judge of probate shall exercise the duties of the office of clerk of the Circuit Court in the event

there is a vacancy in said office, until the governor shall have made an appointment to fill the vacancy.  See section 775 of Civil Statute laws of South Carolina.  The judge of probate did not seek this office, it may be, because he did not consider that there was any vacancy; for, in fact, after Mr. Crouch accepted the office of intendant, he continued to exercise the duties of his office of clerk of the Circuit Court. Nor did the governor of this State appoint any one to fill this alleged vacant office.  This Court did hold, in the case of *The State of South Carolina* v. *Buttz,* 9 S. C., 156, that Buttz, who was solicitor, and who during his term of office as solicitor accepted the office of member of Congress, had by the acceptance of the second office thereby vacated the office of solicitor.  This case is much relied upon by the appellants.  It seems to us that the question of *de jure* as to the office of solicitor was involved in the case cited, and no question of *de facto* was considered, and hence it cannot, except by its reasoning and admirable summing of the law, assist us here, for we are not called upon to determine the right of Mr. Crouch to hold this office as clerk *de jure;* on the contrary, we are to determine if the acts of Mr. Crouch as clerk of the Court of General Sessions, in the case at bar, are good as those of a *de facto* officer.  He certainly holds the office by color of title, for he has a commission to said office based upon an election thereto by the people; he is discharging all the duties of said office, and no person is claiming such office.  These things being so, why does not the law refer his discharge of such duties to him as a *de facto* clerk of the Circuit Court?  See *McBee et al.* v. *Hoke,* 2 Speer, 138; *Kottman* v. *Ayer,* 3 Strob., 92.  We overrule the ground of appeal covered by the first proposition.

2.  We will now examine the second proposition, based as it is upon the constitutional ground that the prisoner could not be twice put in jeopardy of his liberty upon the same offense.  The following statement of the facts relating to this matter is extracted from the "Case."  "The jury was drawn in the manner as usual in misdemeanors, and sworn.

After the swearing, and before the examination of the witnesses had begun, it appeared that Lee Mack, one of the jurors who had been summoned on the venire, but whose name had not been drawn out of the hat, was sitting in the place of Mr. Crout, whose name had been called as it was drawn out of the hat. The defendant's attorney agreed for Mr. Mack to take Mr. Crout's place. Joe Moss, the first witness for the State, was then sworn. The direct examination had been finished, and the cross-examination was nearly complete, when it was brought to the attention of the Court that Mr. Mack, as a matter of fact, was sitting in the place of Mr. W. A. Edwards, jr., whose name had been drawn and called; and that Mr. Crout was really sitting on the jury. Defendant's attorneys refused to waive their right of objection to this, and then moved to dismiss the jury on the ground that they had not consented for Mr. Mack to take the place of Mr. W. A. Edwards, jr. On motion of the defendant's attorneys, the defendant being present, Judge Gary dismissed the jury and proceeded to arraign the defendant and empanel a new jury. Before the arraignment, defendant's attorneys raised the objection of former jeopardy. His Honor overruled the objection. The trial proceeded and the defendant was convicted." After sentence this appeal was taken. The Constitution adopted in the year 1895, in art. I., sec. 17, provides "* * * Nor shall any person be subject for the same offence to be twice put in jeopardy of life or liberty." So that if, under the above statement of facts, the defendant was twice put in jeopardy of his liberty, this ground of appeal should be sustained. The Constitution of 1895 requires, in art. V., sec. 22: "The petit jury of the Circuit Court shall consist of twelve men, all of whom must agree to a verdict in order to render same." By the statement of facts as appears by the quotation from the "Case" for appeal, it appears that there were present only eleven jurors, for Mr. Mack could not take Mr. W. A. Edwards, jr.'s, place unless the defendant had expressly consented to the same. The defendant never

consented thereto. Practically, therefore, the testimony of the State's witness was given before eleven jurors. The Constitution required twelve jurors. So it would seem that the prisoner was not put in jeopardy when his case was before the jury of eleven persons. But, apart from this, the decision of this Court in the case of *The State* v. *J. H. Stephenson, ante,* delivered by Mr. Justice Jones, holds that when a jury is set aside on the motion of the defendant, and thereafter another trial is had of the same defendant on the same charge, the defendant cannot successfully plead former jeopardy.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.