9736

STATE v. CHARLES *ET AL.*

(93 S. E. 184.)

1. CRIMINAL LAW — SUSPENDED SENTENCE — ENFORCEMENT — GOOD BEHAVIOR.—A sentence imposed on defendants for violation of the dispensary law and suspended during good behavior may be enforced against them where they are convicted of disorderly conduct and assault and battery of an aggravated nature, since good behavior is not confined to violations of the liquor law.

2. CRIMINAL LAW—SUSPENDED SENTENCE—ENFORCEMENT.—A Judge of the Court of Sessions has jurisdiction to enforce a sentence suspended on terms by a former presiding Judge, where the terms of sentence are violated.

3. CRIMINAL LAW—SUSPENDED SENTENCE—ENFORCEMENT—JURY TRIAL. —On the hearing of a rule to show cause why a suspended sentence should not be enforced against defendants, they are not entitled to jury trial, since no new penalty is affixed nor a new sentence given.

4. CRIMINAL LAW — SUSPENDED SENTENCE — ENFORCEMENT — WAIVER OF ERRORS.—Where, on the hearing of a rule to show cause why a suspended sentence should not be enforced against them, defendants declined to take further part than to plead to the jurisdiction, they have had their day in Court, and waive all errors during the hearing.

Before PEURIFOY, J., Union, August, 1916.    Affirmed.

L. M. Charles and W. J. Estes pleaded guilty to a violation of the dispensary law, and the sentence imposed was suspended on terms. Subsequently a rule to show cause why the suspended sentence should not be enforced for violation of its conditions was made absolute, and defendants appeal.

*Mr. J. C. Otts,* for appellants, cites: *As to examination of witness:* 82 S. C. 288; 85 S. C. 327; 89 S. C. 153; 98 S. C. 114; 100 S. C. 428.

*Messrs. Macbeth Young* and *Jno. K. Hamblin,* for respondent, cite: *As to conditional suspension of sentence:* 87 S. C. 466, 474; 79 S. C. 274; 47 L. R. A. (N. S.) 848. *Good behavior:* 1 Century Dictionary 1899; 76 S. W. 175; 25 Ky. L. Rep. 608; 22 Fed. 921; 3 A. & E. Enc. of L. (2d ed.) 911; 2 Martin (N. S.) La. 700; 84 S. E. 767.

*Mr. Solicitor Blackwood,* also for respondent.

May 6, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The record shows:

"This appeal involves the jurisdiction of the Court of Sessions for Union county at the August term of 1916 to enforce a sentence which had been suspended on terms by a former presiding Judge at the May, 1916, term of said Court. The defendants pleaded guilty to violation of the dispensary law at the May, 1916, term of the Court of General Sessions, and were sentenced each to pay a fine of five hundred ($500) dollars, and be confined to hard labor for a period of six months. This sentence to stand suspended during good behavior on payment of two hundred ($200) dollars. Thereafter the defendant, L. M. Charles, was convicted of disorderly conduct by the town council of Union; the defendants were also indicted for assault and battery of a high and aggravated nature and bound over to the Court of Sessions by the magistrate. Upon these facts, as shown by affidavits, a rule was issued and served requiring each of the defendants to show cause why the suspended sentence as against each of them should not be enforced."

It may be well to add that, pending the hearing of rule, the jury returned a verdict of guilty against the appellants in the case of assault and battery of a high and aggravated nature. The presiding Judge made the following order:

"The above cause came before me on a 'rule to show cause' as to why the terms of a suspended sentence imposed upon the defendant above named at the May term of Court, 1916, for Union county, by the presiding Judge, Hon. Thos. S. Sease, should not now be enforced. The term of said sentence of six months and $500 having been suspended 'during good behavior' on payment of $200 or six months at hard labor upon the public works of Union county in lieu thereof. After hearing affidavits attached to said rule, and testimony taken in open Court, and the return of the defendant and arguments of the Solicitor and counsel for the defendant, I find that the defendant has violated the terms and conditions of said suspended sentence heretofore pronounced upon him

by the presiding Judge.　Therefore it is hereby ordered that that part of the sentence which was heretofore suspended by the presiding Judge be, and the same is hereby, placed into effect, and that the defendant be committed to the public works of Union county for a term of six months, or for a like period in the State penitentiary, and pay a fine of $300 as in and by said sentence heretofore imposed."

The record shows :·

"Mr. Otts then said : 'As I stated in the beginning, I shall not appear further in this proceeding.　I am here questioning the jurisdiction of this Court, and I don't care to appear to take testimony of witnesses, nor shall I argue the testimony.　I have appeared here and submitted these provisions of the Constitution, these provisions of law, as I understand it, solely for the question of jurisdiction of this Court in doing what the Solicitor asks you to do.'

"I, Frank Peake, clerk of the Court, was then recalled as a witness for the State and identified the bills of indictment against the defendants, L. M. Charles and W. J. Estes, charging them with assault and battery of a high and aggravated nature.

"The witness testified that a verdict of guilty had been found on said indictment; that it had been returned this morning, September 6th.　This bill was introduced.　The counsel for the defendants declined to cross-examine the witnesses."

There are 17 exceptions; but, inasmuch as appellants allowed the testimony to go in without objection and confined themselves to the question of jurisdiction alone, no other questions can now be considered, and we will consider only questions that in some way affect jurisdiction.

1. The first proposition is that "good behavior" is confined to violations of the liquor law.　There is nothing in the case to show that the term is so confined, and we see no error here.

2. "Had Judge Peurifoy at September term of Court, in 1916, the right to enforce a sentence of the May, 1916, term of the Sessions Court over which he did not preside?"

The order of Judge Peurifoy was in no way in conflict with nor did it add anything to the former order. The second order merely enforced the former order, and there is no error here.

3. The next point is that the appellants were entitled to a jury trial. This cannot be sustained, for the reason that, under the proceedings by rule, no new penalty was to be affixed nor new sentence given. The order of Judge Peurifoy merely carried out the order already made. Besides this, during the hearing, both appellants were convicted by a jury of a breach of the good behavior provision. No constitutional right of the appellant has been called to the attention of this Court that has been violated in these proceedings. They have been tried and convicted by two juries, and are only required to serve such sentence as was proper under their convictions.

4. There was no *ex parte* hearing. The record shows that the appellants were served with a rule, and declined to take part further than to plead to the jurisdiction, and they have no one to blame but themselves, if their side was not heard. They have had their day in Court and cannot now complain. When people are summoned into Court and offered every opportunity to be heard, they cannot remain silent, and then claim a new day.

The exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE GARY did not participate in the decision of this case.