## STATE v. MILLER

### (115 S. E., 742)

1. CRIMINAL LAW—COURTS HAVE INHERENT AUTHORITY TO CARRY JUDGMENTS INTO EFFECT.—A Court having jurisdiction to render a judgment has inherent authority to carry it into effect.

2. CRIMINAL LAW—JURISDICTION TO ENFORCE SUSPENDED SENTENCE NOT DEPENDENT ON FORM OF PROCESS AGAINST PARTY VIOLATING CONDITION.—While proceedings against one charged with violating the conditions af a suspended sentence should generally be commenced by and based on information under oath, the jurisdiction of the Court of General Sessions to enforce or carry into effect a suspended judgment or sentence pronounced by it is not dependent on the form of process by which accused is brought before it.

3. CRIMINAL LAW—JURISDICTION TO VACATE SUSPENDED SENTENCE NOT AFFECTED BY INSUFFICIENCY OF RULE TO SHOW CAUSE.—That a formal rule issued by the Clerk of Court of General Sessions, under Civ. Code 1912, § 1319, against one subject to suspended sentence for violating the State Prohibition Law, to show cause why he should not serve the remainder of the term because of his conviction in a City Court for transporting whiskey in violation of a city ordinance, was not supported by information under oath that he had been *prima facie* guilty of violating the law, did not affect the Court's jurisdiction to enforce the sentence where defendant made formal return and was heard by counsel.

4. CRIMINAL LAW—COURT MAY REVOKE ORDER SUSPENDING SENTENCE DURING GOOD BEHAVIOR WITHOUT TRIAL.—When sentence has been suspended during good behavior, with or without statutory authority, the Court may revoke such order and impose the sentence without granting defendant a trial as to whether he has violated such condition.

5. CRIMINAL LAW—COURT CANNOT ARBITRARILY REVOKE SUSPENDED SENTENCE GRANTED ON CONDITIONS EXPRESSED THEREIN.—While the nature and extent of the investigation by the Court of General Sessions in determining whether the condition of a suspended sentence has been violated rests in the sound discretion of that Court, its authority to revoke a suspension on conditions expressed in the sentence may not be capriciously or arbitrarily exercised, but should be predicated on evidence tending to establish violation of such conditions.

NOTE—On question of suspension of sentence for good behavior, see note 14 L. R. A., 285.

On revocation for condition broken, of conditional pardon or parole, without notice or hearing, see note L. R. A. 1915F, 541.

6. CRIMINAL LAW—COURT'S FINDING AS TO BREACH OF CONDITION OF
   SUSPENDED SENTENCE FINAL.—A finding of fact by the Court of
   General Sessions as to a breach of the conditions of a suspended
   sentence is final, unless influenced or controlled by some erroneous
   view of the law, wholly without evidence to support it, or a manifest
   abuse of discretion, the Supreme Court's authority to review the
   lower Court's findings on such issues being confined to the correc-
   tion of errors of law.

7. CRIMINAL LAW—CONVICTION IN CITY COURT FOR VIOLATION OF OR-
   DINANCE IS EVIDENCE OF BREACH OF CONDITION OF SUSPENDED SEN-
   TENCE DURING "GOOD BEHAVIOR."—Conviction in a City Court for
   transporting whiskey in violation of a City ordinance is evidence
   of a breach of a condition of a suspended sentence during good
   behavior for violating the State Prohibition Law; "good behavior"
   being conduct authorized by or conformable to law.

8. CRIMINAL LAW—VALIDITY OF VACATION OF SUSPENDED SENTENCE
   BECAUSE OF CONVICTION OF VIOLATING CITY ORDINANCE NOT NEC-
   ESSARILY DEPENDENT ON VALIDITY OF SUCH CONVICTION.—The validity
   of the action of the Court of General Sessions in vacating a sus-
   pended sentence granted during good behavior, because of a con-
   viction in the City Court for transporting whiskey in violation of
   a City ordinance, does not necessarily depend on the validity of
   such conviction.

9. CRIMINAL LAW—WHETHER CITY RECORDER HAD VACATED OFFICE
   BY ACCEPTING ANOTHER OFFICE HELD IMMATERIAL ON ISSUE AS TO
   WHETHER ONE CONVICTED BEFORE HIM VIOLATED CONDITION OF
   SUSPENDED SENTENCE.—Whether one elected and discharging the
   duties of City Recorder, when one subject to a suspended sentence
   during good behavior granted by the Court of General Sessions was
   tried and convicted before him for transporting whiskey in viola-
   tion of a City ordinance, had vacated such office by accepting the
   position of County Attorney, *held* immaterial on an issue as to
   whether the condition of such suspended sentence was violated; the
   Recorder being a *de facto* officer, whose acts were valid, in so far
   as they concerned the public or the rights of third persons inter-
   ested therein, and not open to impeachment in a collateral pro-
   ceeding.

Before WILSON and BOWMAN, JJ., Chester, April, 1922.
Affirmed.

Israel Miller was convicted of violating the prohibition
law and given a suspended sentence. From an order vacat-
ing the suspension and committing defendant to serve the
remainder of the term, he appeals. Affirmed.

The following are the defendant's exceptions:

That the Court was in error in finding that the defendant has engaged again in the violation of the liquor laws, that he had violated the conditions of his suspended sentence of "good behavior," and in sentencing the defendant to serve ten months on the chaingang, because:

(1) The Court was without jurisdiction as the rule was issued by the Clerk of Court, when it should have been issued by the Judge, and said rule was not based on any showing under oath or affirmation to the effect that the defendant had *prima facie* been guilty of violation of the law.

(2) That there was no evidence to sustain the rule, and it should have been discharged upon defendant's showing; the only allegation against him being that he had entered a plea of guilty of violating a city ordinance before the city recorder, and was sentenced by him therefor, when it was shown that said city recorder had vacated his office as such city recorder by accepting the office of county attorney and discharging the duties thereof subsequent to his election as city recorder.

(3) That the Court was in error in holding that the violation of a city ordinance was *ipso facto* a violation of a sentence suspended upon good behavior.

(4) That the Court was in error in not holding that the isolated violation of a statute law without circumstances tending to show that it was habitual, disconnected with any violent conduct, would not be a violation of the good behavior clause in his suspended sentence.

(5) That the defendant, being restrained of his liberty by the State and brought before the Court in term time, had the right to have the charge against him, that of violating the law, submitted to a jury.

(6) That the presumption of innocence is a complete defense to rule herein, until defendant was convicted in the

Sessions Court, or at least a competent Court, and the Court erred in not so holding.

*Mr. W. H. Newbold,* for appellant, cites: *Rule must be issued on prima facie showing:* 33 S. C., 14; 2 Bail., 516; 1 Bail., 283; Bish., New Crim. Proc., Secs. 1382–6. *City Recorder not in office and acts as such a nullity:* 27 S. C., 436; 94 S. C., 207; Proop., Pub. Off., Sec. 31; Machen, Pub. Off., Sec. 489; Const. 1895, Art. 8, Sec. 2. *County attorney is public office:* 54 S. C., 283; 94 S. C., 207; 96 S. C., 464; 96 S. C., 468.

*Messrs. Samuel M. Wolfe, Attorney General, Gen. Jno. M. Daniels, Assist. Attorney General,* and *J. K. Henry, Solicitor,* for the State.

January 23, 1923.

The opinion of the Court was delivered by Mr. Justice Marion.

The defendant was convicted of violating the State prohibition law, and was sentenced by Hon. Jno. S. Wilson, presiding Judge, at the March, 1921, term of the Court of General Sessions for Chester County to "be confined at hard labor upon the public works of Chester County for a period of one year, or in the State penitentiary for a like period at hard labor, or pay a fine of $200; upon the service of thirty days, or upon the payment of $100, the remainder of the sentence shall stand suspended during good behavior."

Having served thirty days on the County chaingang, the defendant was released on April 29, 1921. On January 16, 1922, Miller was convicted in the city court of Chester of transporting whiskey in violation of a city ordinance, and sentenced by R. L. Douglas, Esq., city recorder, to serve thirty days on the County chaingang or pay a fine of $50. Having served out this sentence he was held by the superintendent of the County chaingang under the suspended sentence imposed by Judge Wilson. Miller thereupon applied

for a writ of *habeas corpus,* and was ordered released from the custody of the superintendent of the County chaingang on March 8, 1922. He appears thereafter to have been held in the County jail until March 28, when he was served with a rule issued by the Clerk of the Court of General Sessions, under seal of the Court, requiring him to show cause why he should not be adjudged to serve the remainder of the suspended sentence imposed by Judge Wilson.

The rule was heard by Hon. I. W. Bowman, presiding Judge of the Court of General Sessions for Chester County. Miller was represented at the hearing by his attorney, W. H. Newbold, Esq., who submitted a return, demurring "to the jurisdiction of the Court" upon the grounds (1) that the alleged rule was issued by the clerk, "and not by the Judge," and (2) "was not based upon any information, written statement, or affidavit showing a probable cause against the defendant"; and further alleging by way of an answer (1) that the defendant had not violated the conditions of his suspended sentence, and (2) that any alleged conviction in the city court of Chester was a nullity, in that the city recorder was not a legal judicial officer, for the reason that subsequent to his election as city recorder he had been elected to and had accepted the office of County attorney, thereby automatically vacating the office of city recorder. It was admitted by defendant's counsel at the hearing that "the defendant was sentenced in city court." Judge Bowman held that it sufficiently appeared that the condition of the suspended sentence had been violated, and ordered that the suspension be vacated and "the defendant committed to the chaingang to serve for ten months." The original sentence being for one year, and the defendant having served only thirty days thereon, by the limitation of the period of service to ten months, credit appears to have been given Miller for the time detained in jail. From the order of Judge Bowman defendant appeals. For the purposes of the ap-

peal it is admitted that the defendant was sentenced by R. L. Douglas, Esq., in the city court; that said R. L. Douglas then held the office of city recorder and of County attorney, and that "the city ordinances are the same as the State quart law." Let the exceptions be reported.

The two points, embraced in the exceptions, to which the attention of this Court is directed in appellant's written points and authorities are (1) that the Court was without jurisdiction, in that the rule to show cause issued by the Clerk of the Court of General Sessions was not supported by information under oath, to the effect that "defendant had *prima facie* been guilty of violating the law," and (2) that there was no evidence upon which the Circuit Judge could properly predicate a finding that defendant had violated the "good behavior" condition of his suspended sentence.

As to the first point: There can be no doubt that sound practice requires that proceedings against a party charged with violating the conditions of a suspended sentence should, as a general rule, be commenced by and based upon information under oath. But a Court having jurisdiction to render a judgment has inherent authority to carry such judgment into effect. Hence the jurisdiction of the Court of General Sessions to enforce or carry into effect a suspended judgment or sentence of such court is in no wise dependent upon the form of the process that brings the party subject to such outstanding sentence before the Court.

In the case of *State v. Chancellor*, 1 Strob., 347; 47 Am. Dec., 557, where the question was as to the authority of the Court of Sessions to enforce a sentence against defendants (who had violated the condition of a pardon) in the absence of an indictment, a rule to show cause, or written notice that application would be made to have sentence passed, the Court said:

"Again, why distinguish these particular defendants by the form of a written rule to show cause? * * * Why

should they receive any more formal notice, than when their sentence was originally passed? All the proceedings, by rules, bench warrants, and recognizances, were to bring the defendants before the Court; but when there, they stood as if they had never been out of the custody of the sheriff."

The defendants in that case were bound over to Court by a magistrate, appeared, and were given an opportunity to show cause, "in the common way, viva voce," why the former sentence should not be inflicted. The judgment of the lower Court carrying into effect the former sentence was affirmed by the Court of Appeals. In the case at bar the defendant had the benefit of a formal rule to show cause (Section 1319, Civil Code 1912), made formal return and was heard by counsel. The objection to the jurisdiction of the Court is therefore clearly without merit. See 16 C. J., p. 1335; § 3141; *State v. Charles,* 107 S. C., 413; 93 S. E., 134.

As to the second point—that there was no evidentiary showing upon which the Judge could find that defendant had violated the condition of his suspended sentence—we are likewise clearly of the opinion that none of the exceptions are well taken. Upon the authority of adjudications in other jurisdictions, the general rule is thus stated in 16 Corpus Juris, p. 1335, § 3141:

"When sentence has been suspended during the good behavior of defendant, either with or without Statutory authority, the Court has power to revoke such order and to impose the sentence without granting the defendant a trial as to whether or not he has violated such condition."

Upon that issue, in the case of *State v. Charles, supra,* this Court expressly held that a defendant was not entitled to a jury trial. The nature of the inquiry and extent of the investigation to be conducted by the Court of General Sessions in determining whether the condition of a suspended sentence has been violated are matters that rest

in the sound discretion of that Court. *People ex rel. Forsyth v. Monroe County Court of Sessions,* 141 N. Y., 288; 36 N. E. 386; 23 L. R. A. 856. But where the suspension is upon conditions expressed in the sentence imposed, the prisoner has a right to rely upon such conditions, and so long as he complies therewith the suspension should stand. It follows that the authority of the Court of General Sessions to revoke such suspension of sentence may not be capriciously or arbitrarily exercised, but should always be predicated upon an evidentiary showing of fact tending to establish violation of the conditions. Since, however, this Court's authority to review the findings of a lower Court upon such an issue is confined to the correction of errors of law, unless it appears that the action of the Circuit Court was influenced or controlled by some erroneous view of the law or was wholly without evidence to support it (a judicial determination wholly without a supporting basis of fact being error of law), or amounted to a manifest abuse of discretion, a finding of fact by the Court of General Sessions as to a breach of the conditions of a suspended sentence is final.

Applying these principles to the case at bar, the contention that the Circuit Judge's order of revocation was wholly without evidence to support it is clearly untenable. It was impliedly admitted in the defendant's formal return, and was expressly admitted by his counsel at the hearing before Judge Bowman that during the pendency of the suspended sentence of the Court of General Sessions the defendant had been convicted in and sentenced by the city court of Chester for transporting whiskey in violation of a city ordinance. "Good behavior" is conduct authorized by or conformable to law. 28 C. J., 714. That the fact of the conviction in the city court was evidence of a breach by defendant of the condition of "good behavior" would seem too clear to warrant discussion.

The contention that the Circuit Judge was bound to disregard the fact of such conviction for the reason that the city recorder before whom the defendant was tried and convicted was not a *de jure* officer is without merit. Even if the validity of the action of the Court below depended upon the validity of the conviction in the city court—and there is no such necessary dependence —it does not appear that the conviction was invalid. It was alleged in the defendant's return that the recorder, Mr. Douglas, had been elected to his office by the city council, and that he was discharging the duties of that office when the defendant was tried in the city court, and it is admitted in the case that he "held" the office of city recorder. Whether as a matter of law he vacated the office of city recorder by subsequently accepting the position of County attorney is immaterial to the present inquiry. He was, in any view, a *de facto* officer, whose acts were valid in so far as they concerned the public or the rights of third persons having an interest therein, and such acts were not open to impeachment in a collateral proceeding. *State v. Coleman,* 54 S. C., 282; 32 S. E., 406; *McBee et al. v. Hoke,* 2 Speers, 138; *Kottman v. Ayer,* 3 Strob., 92; *Taylor v. Skrine,* 2 Tread. Const., 696.

The exceptions are overruled, and the order of the Circuit Judge is affirmed.