16586

STATE v. KING
(69 S. E. (2d) 123)

*Messrs. R. B. Hildebrand,* of York, *and Hayes & Hayes,* of Rock Hill, *for Appellant,* cite:

*Robert W. Hemphill, Solicitor,* of Chester, *for Respondent,* cites:

February 1, 1952.

G. BADGER BAKER, Acting Associate Justice.

At the November, 1948, term of the Court of General Sessions for York County, Judge J. Henry Johnson presiding, the appellant pled guilty to three indictments charging him with "entering a house to commit a crime," and separate charges of assault and battery of a high and aggravated nature. He was sentenced in the first case to six months, and to a term of two years in the assault and battery cases. All sentences were suspended, appellant placed on probation for five years, the probation attaching to each case, to run concurrently, each sentence containing general conditions of probation with special conditions that appellant pay certain expenses of the parties assaulted and refrain from molesting the prosecuting witnesses for the term of probation.

On May 19, 1951, the appellant was brought before Honorable Joseph R. Moss, Judge of the Sixth Judicial Cir-

cuit, to determine whether or not there had been a violation of the first two terms of the general conditions of probation, to wit, (a) that defendant should refrain from violation of any State, Federal, or municipal penal law, and, (b) avoid injurious or vicious habits of conduct.

At the opening of the hearing, counsel for appellant requested a continuance for the purpose of moving before Judge Johnson for an order correcting the sentences by way of deleting general conditions of probation, contending such conditions are included in the record through mistake, oversight or clerical error, although each sentence is properly signed by Judge Johnson and conditions of probation acknowledged by appellant, through his signature, on an executed form prepared by the probation officer.

Judge Moss denied the request for postponement, but sustained the right of appellant to appear before Judge Johnson. He ruled the hearing of evidence was then proper to determine the existence of a violation or violations. The result of the hearing is concisely stated in the following portion of the order of Judge Moss:

"It now appears to the court from the record before me that the defendant has violated Sections (a) and (b) of his general probation in that testimony shows a violation of the municipal law of the City of Rock Hill. It shows that on March 29, 1949, the defendant was charged with disorderly conduct and either forfeited a bond of $12.00 or paid a fine in like amount, and on April 19, 1949, he was charged with fast and reckless driving and speeding. He either paid a fine or forfeited a bond of $100.00, and on January 26, 1950, he was charged with disorderly conduct and either paid a fine of or forfeited a bond of $30.00. On April 7, 1950, he was convicted of, or rather the record shows that he entered a plea of guilty and was subsequently tried and convicted of driving under the influence of intoxicants and paid a fine of $52.00. That on April 18, 1951, he either paid a fine or forfeited a bond of $10.00 for speeding,

and on February 8, 1951, he paid a fine of $10.00 or forfeited a bond in the same amount for being drunk. On March 7, 1951, he was charged with breach of the peace, and either paid a fine or forfeited a bond of $30.00. It appears to the court that these fines or forfeitures are conclusive of the fact that the defendant has violated Sections (a) and (b) of his general probation.

"Having reached this conclusion, it is the duty of the court to revoke the probation of the defendant. However, in that connection there is a motion pending before me made by the defendant that this court withhold the putting into effect of these sentences until such time as the defendant can make a motion before Judge J. Henry Johnson, and correct what he conceives to be error in the record in placing the defendant upon general probation.

"Therefore, if Judge Johnson does so correct the record and finds as a matter of fact and does amend the sentences imposed by him upon W. H. King by striking out all of the general conditions of probation, then, of course, the defendant would not be guilty of violating his probation because there is no evidence that he violated the special provisions. If, however, Judge Johnson should hold that he placed the defendant upon general probation and does not reform or correct the sentences as heretofore imposed, then the defendant will be guilty of a violation of probation in the respects hereinbefore stated, and the probation sentence would have to be revoked."

On June 22, 1951, Judge Johnson heard the motion for correction of sentence, and after reviewing the record (now quoting from his order), "including the testimony of the Probation and Parole Officer and the signature of King, acknowledging general probation and parole terms, the statement of the former Solicitor, the affidavits in behalf of Defendant, and the statement of the Deputy Clerk for York County," denied the motion.

Judge Johnson concludes his order with this paragraph: "From the evidence before me, from my independent recollection of the cases and from all the facts and circumstances surrounding them, I am satisfied that I imposed the sentences which were attached to the indictments and therefore find as a fact that the Defendant was put on general probation in each case and find no basis for any amendment or change in the sentences which I imposed."

Appellant's first exception challenges the refusal of Judge Johnson to amend the sentences, saying that the only reasonable inference to be drawn from the record, exhibits and affidavits, is appellant had been placed on special probation only, and the incorporation of the general conditions was through error and mistake.

It is obvious this exception is without merit, for Judge Johnson's decision in the matter is final. To the point are the cases entitled *State v. Singletary*, 187 S. C. 19, 196 S. E. 527, and *Nelson v. Atlantic Coast Line R. R. Co.*, 191 S. C. 345, 4 S. E. (2d) 273, 278, wherein it is stated that "The statement by the trial Judge as to what transpired at the trial is final, even if the stenographic notes show differently."

While unnecessary, it will not be amiss to observe that Judge Johnson's conclusion is based not only upon the record, testimony, affidavits, and the signature of appellant acknowledging general probation and parole terms, but also from his independent recollection of the cases.

On July 13, 1951, appellant was again brought before Judge Moss, who formally revoked the concurrent sentences of probation, requiring the service of two years upon the public works of York County, or a like period in the State Penitentiary.

From this order of revocation there are two exceptions or questions:

(1) Was there error, by Judge Moss, in holding the forfeiture of recognizances in a Municipal Court sufficient to revoke appellant's probation, and,

(2) Was it error to execute the full sentence of two years by way of revocation, and is such sentence excessive, unreasonable and harsh?

The appellant argues that the forfeiture of a bond does not carry the meaning that the person charged is guilty of violating any municipal ordinance or any other infraction of the law with which he might be charged. The scope of inquiry is not as narrow as contended by appellant. The principles of law governing the revocation of a suspended sentence, or sentence of probation, are well considered and written in *State v. White,* 218 S. C. 130, 61 S. E. (2d) 754, in which is cited the case of *State v. Maes,* 127 S. C. 397, 120 S. E. 576, 579.

In the *Maes case* this Court said, "it is impossible to escape the conclusion that the court sanctions a much broader investigation than would be necessarily involved in a simple inquiry as to whether the defendant has been legally convicted of some offense," and, quoting from *State v. Miller,* 122 S. C. 468, 115 S. E. 742, " '* * *. It follows that the authority of the court of general sessions to revoke such suspension of sentence may not be capriciously or arbitrarily exercised, but should always be predicated upon an evidentiary showing of fact tending to establish violation of the conditions. Since, however, this court's authority to review the findings of a lower court upon such an issue is confined to the correction of errors of law, unless it appears that the action of the circuit court was influenced or controlled by some erroneous view of the law, or was wholly without evidence to support it (a judicial determination wholly without a supporting basis of fact being error of law), or amounted to a manifest abuse of discretion, a finding of fact by the court of general sessions as to a breach of the conditions of a suspended sentence is final.'·"

Whether the appellant forfeited bonds or paid fines, the evidence was sufficient to satisfy Judge Moss that appellant had violated the municipal laws of the City of Rock Hill for disorderly conduct on two occasions, reckless driving, speeding and breach of the peace. And on one occasion, April 7, 1950, he entered a plea of guilty or was tried and convicted of driving under the influence of intoxicants. We have then a substantial evidentiary showing of fact tending to establish the violation of the conditions of the probationary sentence, and it certainly cannot be said that the action of the Court of General Sessions was controlled by some erroneous view of the law, or was wholly without evidence to support it, or amounted to a manifest abuse of discretion. This finding of fact by the lower Court as to the breach of the conditions of the sentence of probation is final and cannot be disturbed upon appeal.

In the consideration of the last question, it must be kept in mind that appellant did not attack the sentence at the time it was imposed upon him, in November of 1948, but is now making a collateral attack to relieve himself of the results of his own disregard of the law. Had an appeal been taken from the sentence in November of 1948, upon the grounds that it was excessive, unreasonable and harsh, it would have been without success in view of the nature and gravity of his offenses. The revocation is not based upon one instance of violation, but, as already observed, there were at least seven. It then became the sole inquiry of the Court of General Sessions to determine whether the sentences imposed and held in suspension by probation should be executed because of appellant's breach of the conditions. As stated in *State v. Charles,* 107 S. C. 413, 93 S. E. 134, "no new penalty is affixed nor a new sentence given." The Court is only exercising its inherent power to enforce an existing criminal judgment and brought into execution by appellant's wrongdoings. Once more quoting from *State v. Maes, supra,* "As the defendant becomes the beneficiary of the suspended sentence, he must be bound by its conditions."

Several of the cases referred to herein relate to the revocation of a suspended sentence rather than a suspended sentence accompanied by probation, but it is easily observed the rule would be identical.

All questions raised by appellant are answered adversely to his contentions, and his exceptions are overruled. The orders of the Circuit Court are therefore affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.