THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON
AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Ernest Berry Sibert, Appellant.
 
 
 

Appeal From Greenville County
 Charles B. Simmons, Jr., Special Circuit 
 Court Judge

Unpublished Opinion No. 2004-UP-484   
Submitted September 15, 2004  Filed September 20, 2004 

AFFIRMED IN PART, VACATED IN PART, 
 AND REMANDED

 
 
 
Acting Chief Attorney Joseph L. Savitz, III, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:   Ernest Sibert appeals his 
 guilty pleas and an order terminating his participation in drug court, arguing 
 his pleas were involuntary and the trial court erred by terminating him from 
 drug court.  We affirm in part, vacate in part, and remand. [1] 
FACTS
On February 19, 2001, Sibert pled guilty to 2nd degree 
 burglary; distribution of crack, 3rd offense; and possession of crack, 
 3rd offense.  Sibert was sentenced to 15 years for burglary and distribution 
 of crack, and 10 years for possession of crack, all suspended upon his entry 
 into and completion of the drug court program.  
Sibert entered into the drug court program on February 
 19, 2001.  On May 16, 2002, the State sought to have Siberts drug court participation 
 terminated for violating numerous conditions of drug court: in April 2001 he 
 made a change in annual employment and was sanctioned to visit an alcohol recovery 
 center; in September 2001 he failed to pay his fees and was sanctioned to 8 
 hours of community service; in October 2001 he twice failed to pay his fees 
 again and was sanctioned with community service and weekend duty in the detention 
 center; and in December 2001 he quit his job and was sanctioned to 16 hours 
 of community service. Additionally, while enrolled in drug court, Sibert was 
 indicted for 1st degree burglary, assault and battery of a high and aggravated 
 nature, and possession of heroin.  Furthermore, Sibert was served with two warrants 
 for trafficking while he was incarcerated.
In his defense, Sibert claimed he only missed one 
 of his appointments; he had not failed any of his drug tests while he was enrolled 
 in drug court; and he could not pay his weekly fees because he was only getting 
 paid every two weeks.  
During the May 16, 2002 termination hearing, Sibert 
 pleaded guilty to 2nd degree burglary; assault and battery of a high and aggravated 
 nature; possession of heroin; possession with intent to distribute within a 
 half mile of a school; possession with intent to distribute crack cocaine, 3rd 
 offense; distribution of crack, 3rd offense; and distribution 
 of crack within a half mile of a park.  
The trial court terminated Siberts participation in 
 drug court and sentenced Sibert to concurrent sentences of 10 years on all charges 
 with the exception of 15 years for distribution of crack, 3rd offense, and 5 
 years for possession of heroin.
LAW/ANALYSIS
I.  Sibert argues the trial court erred in terminating 
 his participation in drug court.  We disagree.
The nature of the inquiry and extent of the investigation 
 to be conducted by the [trial court] in determining whether the condition of 
 a suspended sentence has been violated are matters that rest in the sound discretion 
 of that court.  State v. Miller, 122 S.C. 468, 474-475, 115 S.E. 742, 
 745 (1923) (citation omitted).  [T]he authority of the [trial court] to revoke 
 such suspension of sentence may not be capriciously or arbitrarily exercised, 
 but should always be predicated upon an evidentiary showing of fact tending 
 to establish violation of the conditions.  Id.  
Our scope of review is confined to the correction 
 of errors of law, unless it appears the trial court was influenced or controlled 
 by some erroneous view of the law, was wholly without evidence to support it, 
 or amounted to a manifest abuse of discretion.  Id.  Otherwise, a finding 
 of fact by the trial court as to a breach of the conditions of a suspended sentence 
 is final.  Id.           
The State presented evidence that Sibert missed 
 a case management appointment, was repeatedly late paying his required fees, 
 failed to remain employed, and was rearrested on multiple charges, including 
 possession of heroin.  Additionally, while Sibert was incarcerated for these 
 crimes, he was served warrants for drug trafficking.  Because there was sufficient 
 evidence for the trial court to determine that Sibert violated the conditions 
 of drug court, the court did not abuse its discretion in terminating Siberts 
 participation in drug court.    
II.  Sibert contends his guilty pleas did not comply 
 with the standards set forth in Boykin v. Alabama, 395 U.S. 238 (1969); 
 however, Sibert did not object to the circuit courts accepting his guilty plea, 
 nor did he assert that his plea was involuntarily or unknowingly given.  Thus, 
 the issue is not preserved for appellate review.  Holy Loch Distribs., Inc. 
 v. Hitchcock, 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000) (In order to 
 preserve an issue for appellate review, the issue must have been raised to and 
 ruled upon by the trial court.). 
III.  Sibert also claims that two of his pleas 
 should be vacated because he did not exercise a written waiver of presentment 
 to the grand jury.  We agree.
By their plain language, [South Carolina Code sections 
 17-23-130 and 140 (2003)] make a written waiver of presentment of indictments 
 not presented to a grand jury mandatory before the trial judge can accept the 
 plea. We therefore hold appellants failure to properly execute the waivers 
 renders the pleas invalid.  Summerall v. State, 278 S.C. 255, 256, 294 
 S.E.2d 344, 344 (1982).
Thus, the pleas on the two indictments not presented 
 to the grand jury, 2002-GS-23-2852 and 2853, are vacated and the case is remanded 
 for further proceedings consistent with this opinion.  The pleas on the remaining 
 indictment numbers are affirmed.  
AFFIRMED IN PART, VACATED IN PART, and REMANDED.
STILWELL, BEATTY, and SHORT, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.