661 S.E.2d 366

**The STATE, Respondent,**

v.

**Cedric Emmanuel PERKINS, Appellant.**

No. 26490.

Supreme Court of South Carolina.

Heard April 3, 2008.

Decided May 12, 2008.

58

Kenneth. Clifton Gibson, of Greenville, for Appellant.

Solicitor Robert M. Ariail, Deputy Solicitor Betty C. Strom, of Greenville, for Respondent.

Chief Justice TOAL.

In this case, Appellant Cedric Perkins was terminated from the Thirteenth Circuit Drug Court Program, and the trial court imposed Appellant's suspended sentence. Appellant argues positive "sweat patch" drug tests and certain violations should not have been considered in the decision to terminate Appellant from the Drug Court Program. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

The Thirteenth Circuit Drug Court Program (hereinafter "Drug Court Program" or "Program") is a voluntary therapeutic program which may be offered to a defendant that is charged with a drug abuse offense within the thirteenth circuit jurisdiction. The defendant pleads guilty to the charge and agrees with the solicitor to enter the Program. As a result, the trial court imposes a sentence on the defendant, but suspends the sentence, conditioned upon the successful completion the Program. The participant agrees to abide by certain terms and conditions of participation and may be sanctioned or ultimately terminated for failure to comply with the terms of the Program.

In the instant case, Appellant pled guilty to possession with intent to distribute crack cocaine. The trial court sentenced him to ten years imprisonment, suspended upon his successful completion of the Drug Court Program. Appellant entered the Program on September 13, 2002. On September 25, 2003, after numerous violations, Appellant met with the Program's chief administrator where she told Appellant that he could remain in the Program so long as he had no more violations. However, Appellant subsequently tested positive for drugs, and on October 12, 2003, program administrators recommended his termination.[1] Following a hearing, the trial court issued an order terminating Appellant from the Program and imposing his original sentence.

Appellant appealed the trial court's order. This Court certified the appeal pursuant to Rule 204(b), SCACR, and Appellant presents the following issues for review:

Did the lower court wrongfully terminate Appellant from the Drug Court Program? [2]

---

1. Appellant was sanctioned eighteen times while in the Program. Appellant's violations included positive drug tests, missed drug tests, tardiness for court appearances, missed appointments with program administrators, and failure to pay fees.

2. Specifically, Appellant argues that the lower court wrongfully terminated him from the Program because it erred in considering positive drug test results from "sweat patches" when the Drug Court Program's contract did not provide for such testing methods and erred in consid-

60

Appellant argues that he was wrongfully terminated from the Drug Court Program. Because undertaking such a review would require that this Court evaluate and assess the manner in which the Program's administrators execute the rules and regulations of the Program—an inquiry over which this Court has no authority—we decline to answer this question.

Several counties across the State have implemented Drug Court Programs similar to the Thirteenth Circuit Drug Court Program. These Programs are aimed at rehabilitating the participant and helping him overcome addiction, but the specific manner in which each Drug Court Program operates varies. For example, under the procedures of other Programs, a social worker, a magistrate, or a Drug Court team member may terminate the participant from the Program. However, pursuant to the Thirteenth Circuit Drug Court Program procedures, Program administrators recommend a participant for termination, and the trial court decides whether to terminate a participant from the Program.

■ We decline to review whether Appellant's positive sweat patch results or violations occurring after the meeting with the chief administrator were properly considered in the decision to terminate Appellant from the Drug Court Program. In our view, it would be improper for the judiciary to interject itself into such matters which are wholly internal and specific to each Program and to each participant. To do so would transform the Drug Court Programs into a judicially-supervised institution. Thus, in order to assess what issues Appellant may appeal and what issues this Court may review, it is necessary to begin by clarifying the judicial determinations below.

■ After Appellant's guilty plea, the trial court sentenced Appellant to ten years imprisonment, but suspended the imposition of that sentence conditioned upon the successful completion of the Drug Court Program. Thus, the trial court's imposition of his original sentence after being terminated from the Drug Court Program deprived Appellant of a conditional

_____

ering violations that occurred prior to the September 25, 2003 meeting with the Program's chief administrator.

liberty interest, and thereby entitled him due process rights. *See Dangerfield v. State*, 376 S.C. 176, 181, 656 S.E.2d 352, 355 (2008) (holding that the imposition of a suspended sentence deprived the defendant of a conditional liberty interest and implicated the defendants due process rights). Therefore, like any other defendant who is subject to the imposition of a suspended sentence, we conclude that a Drug Court Program participant is entitled to notice and a hearing to determine whether he has violated the conditions of his suspended sentence before his sentence may be imposed. *See id.* (holding that due process required notice and a hearing on the willfulness of the defendant's failure to pay restitution before imposition of a suspended sentence). Accordingly, while we hold that it is inappropriate for the courts to review whether a participant was *properly* terminated from a Drug Court Program, the participant is entitled to a hearing to determine whether he was in fact terminated from a Drug Court Program (i.e., whether the defendant violated a condition of his suspended sentence) before his sentence may be imposed.[3]

 The decision of whether a defendant has violated a condition of his suspended sentence rests within the sound discretion of the trial court. *See State v. Miller,* 122 S.C. 468, 474–75, 115 S.E. 742, 745 (1923) (holding that the nature of the inquiry and extent of the investigation to be conducted by a lower court in determining whether the condition of a suspended sentence has been violated are matters that rest in the sound discretion of that court). An appellate court will not reverse the trial court's decision unless that court abused its discretion. *See State v. Allen,* 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006) (addressing the applicable standards of review in a probation revocation hearing).

---

3. That the trial court in the instant case had the authority, pursuant to the Thirteenth Circuit Program rules, to terminate Appellant from the Program and also had subject matter jurisdiction to impose Appellant's suspended sentence and memorialized these decisions in the same order is irrelevant to our scope of review. We note that although magistrates, social workers, or Drug Court team members in other Programs determine whether to terminate the participant, these bodies do not have the authority to impose the suspended sentence. A terminated participant should always be afforded a hearing before the proper tribunal with the authority to impose a suspended sentence.

■ In the instant case, it is undisputed that a condition of Appellant's suspended sentence was the successful completion of the Drug Court Program and that Appellant was terminated from the Program. Thus, the trial court correctly determined that Appellant violated a condition of his suspended sentence, and therefore, properly imposed Appellant's original sentence. Accordingly, we must uphold the imposition of Appellant's sentence.

## CONCLUSION

For the foregoing reasons, we affirm the trial courts order imposing Appellants original sentence.

MOORE, WALLER, BEATTY, JJ., and Acting Justice DIANE SCHAFER GOODSTEIN, concur.