THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Myrtle
 Elizabeth Rollins, Appellant.
 
 
 

Appeal From York County
 Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2009-UP-264
Submitted May 1, 2009  Filed June 2, 2009    

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and
 Solicitor Kevin Scott Brackett, of York, for Respondent.
 
 
 

PER CURIAM: Myrtle Elizabeth Rollins appeals her two-year sentence
 for attempt to obtain a controlled substance by fraud following her termination
 from the York County Drug Court Program (Drug Court).  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.  As to whether the trial court erred in finding Rollins did not
 successfully complete Drug Court:  State
 v. Lee, 350 S.C. 125, 130, 564 S.E.2d
 372, 75 (Ct. App. 2002) (stating an issue must be raised to and ruled upon by the trial court to be preserved for appellate
 review).
2.  As to whether the trial court erred in failing to exercise its discretion to
 reduce Rollinss original sentence: Rule 29, SCRCrimP (Except for motions for new trials based on
 after-discovered evidence, post-trial motions shall be made within ten days
 after the imposition of the sentence.); State v. Campbell, 376 S.C. 212, 215-16, 656 S.E.2d 371, 373 (2008)
 (explaining the long-standing rule of law that a trial court is without
 jurisdiction to consider a criminal matter once the term of court during which
 judgment was entered expires); State v. Perkins, 378 S.C. 57, 61, 661
 S.E.2d 366, 368 (2008) (upholding the imposition of an appellants original
 sentence where it found the trial court correctly determined that appellant
 violated a condition of the suspended sentence, and therefore, properly imposed
 appellants original sentence).
AFFIRMED.
HUFF, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.