**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daniel Antwan Rogers, Appellant.

Appellate Case No. 2019-000704

<hr>

Appeal From Dillon County
Roger E. Henderson, Circuit Court Judge

<hr>

Unpublished Opinion No. 2021-UP-329
Submitted June 1, 2021 – Filed September 15, 2021

<hr>

**AFFIRMED**

<hr>

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, all for Respondent.

<hr>

**PER CURIAM:** Daniel Antwan Rogers appeals the sentencing court's imposition of his full suspended fifteen-year imprisonment sentence. Rogers argues the

sentencing court abused its discretion by refusing to exercise discretion over his sentencing when deciding to allow Rogers to continue in the drug court program or impose his full sentence. Because we find the sentencing court only commented that it did not have discretion over the drug court's decision and Rogers violated a condition of his suspended sentence by being terminated from the drug court, the sentencing court acted within its discretion to impose Rogers's suspended fifteen-year imprisonment sentence. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Perkins*, 378 S.C. 57, 61, 661 S.E.2d 366, 368 (2008) ("The decision of whether a defendant has violated a condition of his suspended sentence rests within the sound discretion of the [sentencing] court."); *id.* ("An appellate court will not reverse the [sentencing] court's decision unless that court abused its discretion."); *id.* ("[L]ike any other defendant who is subject to the imposition of a suspended sentence, we conclude that a Drug Court Program participant is entitled to notice and a hearing to determine whether he has violated the conditions of his suspended sentence before his sentence may be imposed."); *id.* ("Accordingly, while we hold that it is inappropriate for the courts to review whether a participant was *properly* terminated from a Drug Court Program, the participant is entitled to a hearing to determine whether he was in fact terminated from a Drug Court Program . . . before his sentence may be imposed."); *id.* at 62, 661 S.E.2d at 368-69 (holding the "[sentencing] court correctly determined that [Perkins] violated a condition of his suspended sentence, and therefore, properly imposed [Perkins's] original sentence").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.