(173 App. Div. 497)

PEOPLE ex rel. PASCO v. TROMBLY.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

CRIMINAL LAW ⬤⟿1001—SUSPENSION OF SENTENCE—VALIDITY OF CONDITIONS.
    Under Laws 1893, c. 279, authorizing courts to suspend sentence during good behavior, and to rearrest, the court may suspend sentence on condition that accused leave the county and remain absent for 10 years, without losing the power to rearrest and commit at its discretion, even if the condition imposed is invalid, and although it may be necessary to take evidence that the condition was violated, and such suspension does not operate as a pardon.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2554–2559; Dec. Dig. ⬤⟿1001.]

Appeal from Clinton County Court.

Habeas corpus by the People, on the relation of Alvin Pasco, against John B. Trombly, Agent and Warden of Clinton State Prison. From an order dismissing the writ, relator appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Arthur Helme, of Albany, for appellant.
John K. Collins, Dist. Atty., of Plattsburg, James S. Kiley, Dist. Atty., of Glens Falls, Egburt E. Woodbury, Atty. Gen. (Edward G. Griffin, Deputy Atty. Gen., of counsel), for respondent.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODWARD, J. The relator, Alvin Pasco, was convicted of grand larceny in the second degree, and was sentenced by the court to serve a term of 10 years in the state prison at Dannemora, Clinton county. The execution of the sentence was suspended, upon condition that the relator would leave Clinton county within 10 days, and remain without such county for the period of 10 years. Subsequently the court received information that the relator had failed to leave the county and to remain without the same, and the order suspending sentence was revoked, and the relator was taken into custody and placed in Dannemora prison to serve out his sentence. The writ of habeas corpus was sued out, and the case presented to the court upon the theory that the relator, having been granted a favor upon a condition which required the court to take evidence, the court was without jurisdiction to revoke the order and direct the execution of the judgment. The case of People ex rel. Forsyth v. Court of Sessions, 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856, is relied upon for this extraordinary proposition, and an examination of that case clearly shows that it does not have the effect contended for by the relator.

It is not questioned here that the court had jurisdiction of the person and the subject-matter, nor is there any question of the power and authority of the court to pass the original sentence; but it is contended that because the court, in granting a favor to the relator, made the condition that the relator should leave the county and remain without the county for a period of 10 years, and which required proof to show a failure to perform this condition, the court in some manner lost jurisdiction to enforce the original and lawful sentence. The case relied upon clearly held that the court had power to suspend the execution of sentence as a matter of discretion, both at common law and under the statute. It is true that the statute (chapter 279, Laws of 1893) provided that the court, in a designated case, might "in its discretion, suspend sentence, during the good behavior of the person convicted"; but it did not limit the discretion of the court in imposing a specific condition on the party to whom the favor was granted. The court was not obliged to grant the favor at all; it merely had a discretionary power, lasting during the good behavior of the relator, and the court had a right to impose any lawful condition to its grant of a favor, and it did not abrogate its powers because it became necessary subsequently to have evidence that the relator had failed to perform this condition, any more than it would have abdicated its powers by making the condition that of good behavior, which might have required evidence to show that this condition had been broken. Clearly the Legislature, in providing that the court might suspend sentence during good behavior, did not intend that the court should lose its control over the judgment because it might be necessary to bring evidence before it that the relator had been guilty of bad behavior, and this would be the result if the relator's construction of the law is to be upheld.

In the case of People ex rel. Forsyth v. Court of Sessions, supra, it was contended that the statute above cited encroached upon the constitutional powers of the Governor in reference to grant-

ing pardons, and was therefore unconstitutional.  It was in reference to this contention that the court, after pointing out the distinction between suspending a sentence and granting a pardon, said that:

The "power to suspend the judgment during good behavior, if understood as expressing a condition, upon the compliance with which the offender would be absolutely relieved from all punishment and freed from the power of the court to pass sentence, is open to more doubt.  The Legislature cannot authorize the courts to abdicate their own powers and duties, or to tie their own hands in such a way that after sentence has been suspended they cannot, when deemed proper, and in the interest of justice, inflict the proper punishment in the exercise of a sound discretion."  "Nor," continues the court, in discussing the limitation on the legislative power, "can the free and untrammeled exercise of this power or the right to pass sentence according to the discretion of the court be made dependent upon compliance with some condition that would require the court to try a question of fact before it could render the judgment which the law prescribes.  *  *  *  The court may suspend sentence as before, but it can do nothing to preclude itself or its successor from passing the proper sentence whenever such a course appears to be proper."

Surely this language gives no justification for the relator's contention; it distinctly says that the Legislature may not interfere with the judicial discretion in such a manner as to usurp the powers vested in the executive, nor take away the legitimate powers of the court in dealing with its judgments.  It probably was not a proper exercise of the discretion of the court to suspend sentence upon condition that the relator take himself without the jurisdiction of the court; but the fact that the court erred in prescribing a condition did not operate to make the granting of a favor equivalent to a pardon for the offense, and the relator having been within the jurisdiction of the court, it was proper at any time to revoke the order suspending the execution of the sentence, and neither the Legislature nor the courts have ever attempted to limit this power, except to the discretion of the court.

The order appealed from should be affirmed.  All concur.