THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNA ROMAIN *v.* PAROLE COMMISSION OF THE CITY OF NEW YORK.

(Supreme Court, New York Special Term, July, 1921.)

*Parole Commission Law (Laws of 1915, chap. 579)— conditional parole only a privilege, not a right — act of commission issuing a warrant for recapture not reviewable on certiorari.*

CERTIORARI to inquire into detention.

Edward Swann, district attorney (John C. Myers, of counsel), for People.

Clark L. Jordan, for Anna Romain.

McAvoy, J. The relator was committed under a judgment and sentence of a competent tribunal to the penitentiary, "there to be dealt with according to law." The parole commission under its statutory authority conditionally released her after she had served a prison sentence of a year. The conditions of her parole were kept, excepting that she is reported by a probation officer to have failed to secure useful employment, which was one of the duties enjoined upon her as a prerequisite to the continuance of her parole. On this report the commission issued a warrant for her retaking, and upon her arrest she was ordered recommitted to the penitentiary until such time as the commission might discharge or again conditionally release her. This report of the probation officer was acted on in relator's absence and without any opportunity of her being heard in refutation. Certiorari has been issued to inquire into her detention and to review the act of the commission. The Parole Commission Law (Laws of 1915, chap. 579) neither expressly nor impliedly gives this right of review of the commission's decisions or determinations. The law permits that body to retake conditionally released prisoners during the maximum term of sentence (§ 5) and to make rules regulating recapture of such prisoners. Presumably, a rule allowing the recapture of a prisoner conditionally released may be made which permits the commission to issue its warrant when one of its officers reports a violation of a parole condition, and the determination thus made is not reviewable under the scheme of the law, else every recapture would lead to a trial of the issue. Did the prisoner violate the parole? The conditional parole

is not a right, but a privilege in the discretion of the commission, and its revocation and the proof on which that act is done is also within the regulatory power of that body. The paroled prisoner is until discharged finally constructively in imaginative jail limits, which may be narrowed or widened as appears proper to the commission during the maximum term of the sentence fixed by law at not more than three years. This power of recapture and recommitment appears to be almost arbitrary under the law, but, at any rate, it is not an unconstitutional grant of power by the legislature as appears from an examination of appellate rulings in the Elmira Reformatory cases, where similar exercises of power by the board of managers of that institution have been sustained. Consult, for example, *People* v. *Madden,* 120 App. Div. 338. Writ dismissed, but if an appeal be prosecuted a stay will be allowed pending a hearing thereon, during which bail may be continued.

Writ dismissed.