## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

June 6, 1924.

# THE PEOPLE EX REL. ROY HANNON v. THE WARDEN OF THE PENITENTIARY OF NEW YORK COUNTY.

(209 App. 521.)

PAROLE—SURRENDER OF PAROLED PRISONER TO FEDERAL AUTHORITIES AS DESERTER NOT DISCHARGE—PRISONER RELEASED ON PAROLE MAY BE SUBSEQUENTLY REARRESTED AND SENT BACK TO PENITENTIARY WITHOUT TRIAL OR HEARING.

The surrender by the officials of a penitentiary of a prisoner, who has been paroled to the United States army authorities as a deserter, does not amount to a discharge of the prisoner, and he may be rearrested after his parole has been revoked by the parole commission and returned to the penitentiary without charges being made against him and without a trial or hearing.

APPEAL by the People of the State of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of December, 1923, sustaining a writ of habeas corpus and discharging the prisoner from custody.

*Joab H. Banton,* District Attorney (*Michael J. Driscoll,* Deputy Assistant District Attorney, of counsel), for the appellant.

*Moses A. Sachs,* for the respondent.

SMITH, J.:

The relator was convicted of assault in the third degree and sentenced to the penitentiary of the city of New York. The Parole Board granted him a parole on condition that he report every two weeks, and he was at once taken by the penitentiary officials to the United States Army authorities and surrendered as a deserter. He was afterwards dismissed from the service. By resolution of the Parole Commission he was afterwards rearrested and sent back to the penitentiary. This writ is for the purpose of procuring his discharge therefrom.

I think the order was wrong. It is claimed that because he was taken after he was discharged on parole to the United States authorities and charged with being a deserter, this amounted to a discharge of the relator from the penitentiary. Assuming for the argument that the Parole Commission has the right to discharge a man, it is clear that they did not intend to do so, because they required as a condition that he report to them every two weeks. It is claimed that this was a scheme simply for the officers of the penitentiary to get fifty dollars, which they received for bringing this man who was charged with being a deserter and surrendering him to the United States authorities. That may or may not have been so, but, whether it was or not, there is no resolution of the Parole Commission absolutely discharging him. It is shown that the Parole Commission subsequently revoked the parole whereupon he was taken back to the penitentiary from which he seeks his release. It is claimed that no charges were made against him on his rearrest by the Parole Commissioners and he has had no trial before them. This was not at all necessary. He had received a sentence from the court upon his original conviction and the power to parole given to the Parole Commission is for his benefit as a matter of grace. There was no condition attached to that power that he could only be returned to his imprisonment after charges and a hearing

before the Parole Commission. As was said in People ex rel. Romain v. Parole Commission of City of New York (116 Misc. Rep. 758; affd., without opinion, 205 App. Div. 840): "The law* permits that body to retake conditionally released prisoners during the maximum term of sentence (§ 5) and to make rules regulating recapture of such prisoners. Presumably, a rule allowing the recapture of a prisoner conditionally released may be made which permits the Commission to issue its warrant when one of its officers reports a violation of a parole condition, and the determination thus made is not reviewable under the scheme of the law, else evry recapture would lead to a trial of the issue. * * * The conditional parole is not a right, but a privilege in the discretion of the Commission, and its revocation and the proof on which that act is done is also within the regulatory power of that body. The paroled prisoner is until discharged finally constructively in imaginative jail limits, which may be narrowed or widened as appears proper to the Commission during the maximum term of the sentence fixed by law at not more than three years. This power of recapture and recommitment appears to be almost arbitrary under the law, but, at any rate, it is not an unconstitutional grant of power by the legislature as appears from an examination of appellate ruling in the Elmira Reformatory cases, where similar exercises of power by the board of managers of that institution have been sustained."

The determination of the court below is wrong and the order should be reversed, and the relator remanded to custody.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed and relator remanded to the custody of the New York County Penitentiary.

---

* Laws of 1915, chap. 579.—[REP.