## PLUNKETT, sheriff, v. MILLER.

HINES, J. 1. The method of revoking a probation granted to a convicted defendant is fixed by our probation law. In case such defendant fails to observe all rules prescribed by the court for his conduct, to report to the probation officer as directed, and to maintain a correct life, he may, at any time prior to the final disposition of the probationer's case, while in the custody of such officer, be brought without warrant before the court, or the court may issue a warrant directing that he be arrested and brought before it; and when such defendant is brought before the court, the court after due examination may revoke its leave to probationer to serve his sentence outside of the confines of the chain-gang, jail, or other place of detention. Acts 1913, pp. 112, 114; Park's Penal Code, § 1081(d).

2. This method of revocation of the probation of a convicted defendant, being prescribed by statute, is exclusive; and can not be dispensed with by provision in his original sentence which declares that his probation shall be ipso facto revoked by his failure to observe any of the rules prescribed by the court for his conduct during the period of his probation.

3. The due examination thus provided by the statute requires that the probationer be given notice and an opportunity to be heard upon the question whether his parole shall be revoked or not; and an order revoking his parole in his absence, without notice and an opportunity to be heard, is null and void. *Roberts* v. *Lowry*, 160 *Ga.* 494 (128 S. E. 746).

4. The order of the judge of the city court of Richmond County, in which court the defendant was sentenced for a violation of the prohibition law, revoking her parole and directing that she serve the remainder of her sentence within the confines of the State farm at Milledgeville, was null and void upon the grounds, (1) that the judge could not lawfully change the original sentence of the defendant after it had been partially executed, and (2) that such order was passed without notice and opportunity to the defendant to be heard upon the question of the revocation of her parole.

5. It follows that the judge of the superior court did not err, on the hearing of the defendant's application for habeas corpus, in ordering her discharged from the custody of the sheriff, it appearing that that officer held her in custody under her original sentence and under the order of the judge of the city court revoking her parole.

6. Whether the defendant can now be brought before the judge of the city court upon a warrant duly issued by him for the purpose of determining whether the probation of the defendant should be revoked, and whether, upon due examination, the judge of the city court can revoke her parole, and require her to serve her original sentence in the chain-gang, if he

Criminal Law 16 C. J. pp. 1314, n. 12; 1337, n. 1, New.
Habeas Corpus 29 C. J. pp. 58, n. 99, New; 163, n. 20.

finds that she had violated the rules prescribed for her conduct while on parole, is not now for decision by this court.

*Judgment affirmed. All the Justices concur.*

No. 5090. DECEMBER 21, 1925.

Habeas corpus. Before Judge Franklin. Richmond superior court. September 12, 1925.

Mary Miller, on July 16, 1924, pleaded guilty, in the city court of Richmond County, to a violation of the prohibition law; and she was sentenced to pay a fine of one hundred dollars, to include the costs, and to work on the chain-gang for the term of twelve months. The sentence further provided "that upon the immediate payment of the fine of $100 the sentence to work in the chain-gang on the public roads of said county, or on such other public works as the county or State authorities may employ the chain-gang for the term of 12 months, will be suspended and the defendant paroled and permitted to serve said sentence outside the confines of the chain-gang, upon condition that he [she] do not have in [her] possession or control in this State any alcoholic, spirituous, malt, or other intoxicating liquors, or any of the beverages, liquors, or drinks prohibited by law, and shall not violate any of the provisions of the prohibition laws of Georgia, said parole to continue as long as the above conditions are complied with. Should the said defendant violate any of the said conditions of said parole, such violation shall of itself revoke the parole hereby granted, and the sentence herein imposed shall immediately become operative." The defendant was not placed in the custody of a probation officer. On June 6, 1925, she was arrested by a Federal prohibition officer for violating the prohibition law. The judgment disposing of the habeas-corpus proceeding recites that the Federal prohibition officer found the defendant in possession of alcoholic liquors, and that the judge of the city court issued his warrant for arrest in order that he might determine why her parole should not be revoked. On June 7, 1925, the defendant went to Florida, and for this reason could not be arrested and brought before the judge of the city court in pursuance of said warrant. The defendant admitted that she was arrested on the night of June 6, 1925, being charged with violating the prohibition law, that she left on June 7, 1925, for Florida, and that she did not return to this State until July 14, 1925, at which time she appeared before the sheriff of Richmond County and gave bond. On June 8, 1925, the judge of the city

court passed an order revoking the defendant's parole, and ordering that she serve the remainder of her sentence within the confines of the State farm at Milledgeville. This was done without the defendant being arrested and brought before the court, but during her absence in Florida, and without due examination during her presence in court. The defendant filed her petition for habeas corpus against the sheriff of Richmond County, in which she alleged the foregoing facts, and further alleged that she was being held by him under the order aforesaid revoking her parole; that said order was void because it was passed without due examination in her presence, and when she was absent, and without notice to her and opportunity to be heard thereon; and that for this reason she was being illegally restrained of her liberty and kept in custody without authority in law. The judge of the superior court, on the hearing of the application for habeas corpus, at which the facts hereinbefore recited were shown, held that the judge of the city court was without authority to revoke the parole in the absence of the defendant, and sustained the defendant's application for habeas corpus, and ordered her discharged from the custody of the sheriff. To this judgment the sheriff excepted on the ground that it was contrary to law.

*W. Inman Curry,* for plaintiff in error.

*A. R. Williamson, C. Vernon Elliott,* and *H. A. Woodward,* contra.