[No. 20875.   Department One.   March 20, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. MABEL
O'NEAL, *Appellant*.[1]

[1] CRIMINAL LAW (381, 425)—DECISIONS REVIEWABLE—ORDER DIS-
MISSING APPEAL. An *ex parte* order is not appealable, without a
previous motion to set it aside; hence a dismissal of a pre-
mature appeal therefrom is not a bar ·to a subsequent appeal,
after having moved to vacate.

[2] CRIMINAL LAW (370)—SENTENCE—SUSPENSION—RIGHT TO HEAR-
ING. One against whom a suspended sentence has been imposed
cannot be denied that privilege without an opportunity to be
present at any hearing designed to withdraw his rights under
the suspended sentence.

Appeal from an order of the superior court for
Yakima county, Hawkins, J., entered May 23, 1927,
revoking a suspension of sentence for unlawful sale of
intoxicating liquors.   Reversed.

*Joseph C. Cheney*, for appellant.

*G. E. Clark* and *C. G. Walters*, for respondent.

MITCHELL, J.—In April, 1926, Mabel O'Neal, upon
pleas of guilty, was sentenced to a fine of $250 on each
of two counts for the unlawful sale of intoxicating
liquor, to pay costs of the prosecution and to serve
altogether six months in the county jail, "jail sentences
to be suspended on good behavior."   She promptly
paid the fines and costs.

Thereafter and on November 13, 1926, without any
notice whatever to her and in her absence, the superior
court upon the application of a deputy prosecuting
attorney received sworn testimony in open court in
support of a petition to revoke the order suspending
the sentence.   She was charged with misbehavior.   The
petition was granted and an order duly ·signed and

'Reported in 265 Pac. 175.

entered revoking the order suspending the jail sentence and directing that she be committed to the county jail. Since her arrest on that order, it appears that she has been at liberty on bonds approved by the superior court.

On November 22, 1926, she served and filed a notice of appeal from the *ex parte* order of November 13, 1926, and on November 28, 1926, she filed in the superior court an application to vacate the *ex parte* order of November 13, 1926, on the ground of lack of notice to her of the complaint and hearing upon which the order was based. On March 25, 1927, this court granted the state's motion to dismiss the appeal of November 22, 1926. The motion upon which the appeal was dismissed was upon the grounds that the order of commitment was made and entered by the superior court upon the *ex parte* application of the state and that the appellant had not moved to have that order vacated prior to the giving of the notice of appeal. It was also claimed, in the motion to dismiss the appeal, that the appeal had not been diligently prosecuted. On May 17, 1927, she again filed a motion in the superior court to set aside the *ex parte* order revoking the order suspending sentence upon the ground that she had no notice of the hearing and was not present in person or by counsel. This motion together with the former one to the same effect were presented regularly to the superior court and, by one order, the superior court denied both motions. The present appeal is from that order.

[1] The state moves to dismiss the present appeal claiming that the dismissal by this court of the former appeal is *res adjudicata*. The record on the former appeal shows that the appellant did not resist a dismissal and that the state, in its written brief and argument, claimed that the purported appeal was pre-

maturely taken because no application had been made to the trial court to set aside the order complained of, citing 3 C. J., p. 608, § 452, and quoting from *Wilson v. Martin,* 43 Wash. 95, 86 Pac. 205, 10 Ann. Cas. 37, as follows:

"The rule seems to be well established that an appeal will not lie from an *ex parte* order. The proper procedure is to move to vacate or set aside the order and appeal from the decision on the motion."

That was the sole contention of the state on that motion to dismiss. The motion was granted without an opinion and must be held to have been granted for the reasons urged by the state, and that it does not constitute a bar to the present appeal.

On the merits and for the purposes of this appeal, the statute provides, as to this kind of a crime, that "the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court." Rem. Comp. Stat., § 2280 [P. C. § 8715]. The sentence in this case was suspended, conditioned on good behavior. It was made and entered by one judge, while the *ex parte* order revoking it was made by another judge.

[2] The sole question in the case is whether or not the *ex parte* order revoking the former order of suspension, entered upon testimony introduced by the state, is void, the defendant having no notice of the application for hearing and not being present in person or by counsel. Appellant does not contend that she is entitled to a jury trial, but that she is entitled to an opportunity to be present at any hearing upon the taking of testimony designed to deprive her of her rights under a suspended sentence. Instinctively one feels that he is entitled to be heard whenever the court takes testimony intended to establish an order or judg-

ment detrimental to a substantial right of his, and that to enter such an order without notice is to disregard a principle as old as the law itself. Without any other discussion upon the subject, or review and consideration of arguments and authorities submitted by counsel in this case, we adopt the reasons given in the well considered case of *Ex parte Lucero,* 23 N. M. 433, 168 Pac. 713. The statute of that state provided:

"That the court may, in its discretion, suspend any sentence imposed upon such terms and conditions as it shall deem proper, and such sentence shall go into effect upon order of the court upon a breach of any of such terms or conditions by the person convicted." N. M. Stat. Ann. (1915), § 5075.

In that case, Lucero had received a suspended sentence, during good behavior, which was revoked in an *ex parte* hearing of which he had no notice. Upon habeas corpus in the supreme court, after reviewing other authorities, that court said:

"Upon principle it would seem that due process of law would require notice and opportunity to be heard before a defendant can be committed under suspended sentence. The suspension of the execution of the sentence gives to the defendant a valuable right. It gives to him the right of personal liberty, which is one of the highest rights of citizenship. This right cannot be taken from him without notice and opportunity to be heard without invading his constitutional rights. Of course, if the terms of the suspension of the sentence are such as to leave open no question of fact, as where it is provided that the sentence is suspended until the further order of the court in its discretion, it may be that no notice or hearing would be required. In such a case the court would retain the right to enforce the sentence at any time in its discretion, to which the defendant may be held to consent when he accepts the benefits of the court's leniency. Just how far, if at all,

arbitrary action by the court might be inquired into even in such a case, it is not necessary or proper for us to decide, for we have no such case before us. Here the sentence was suspended during good behavior, which necessarily involves the determination of a question of fact, in which determination the defendant is entitled to be heard. In such a determination the defendant is not entitled to a jury trial any more than upon the allocution at the time of the original sentence, except in case he pleads want of identity of himself and the person originally sentenced, a state of affairs rarely arising."

The judgment or order appealed from is reversed, without prejudice to further action that may be taken in accordance with the views expressed herein.

PARKER, FRENCH, ASKREN, and TOLMAN, JJ., concur.