STATE EX REL. MAYME JENKS v. MUNICIPAL COURT
OF ST. PAUL AND ANOTHER.[1]

April 9, 1936.

No. 30,768.

*Lewis L. Anderson,* for relator.
*John L. Connolly* and *Irving Gotlieb,* for respondents.

PER CURIAM.

*Certiorari* to review orders of the municipal court.

Defendant (relator here) was convicted of a misdemeanor in the municipal court of the city of St. Paul on September 26, 1935, on the charge of disorderly conduct, consisting of creating a disturbance and committing an assault upon one Alexander, an employe of the city of St. Paul in the office of the board of public welfare, in the presence of the people employed in and present in said office. Sentence of 30 days' imprisonment was imposed. There appears to be a conflict in the records returned as to whether the sentence was to the city workhouse or to the county jail. In the clerk's docket the notation is: "Sentenced to 30 days in Workhouse. Sentence suspended to May 23, 1936, 9 A. M., and defendant placed in charge of Court." In the supplemental return by Judge Parks it was stated that defendant was sentenced to serve 30 days in the Ramsey county jail, and the commitment so states. There has been no

[1]Reported in 266 N. W. 433.

appeal from the judgment of conviction. Whether the sentence was to the workhouse or to the county jail does not seem important here. What is complained of is that on October 1, 1935, the municipal judge revoked and vacated the order suspending the sentence until May 23, 1936, and ordered defendant committed to serve the 30 days' sentence. The suspension of execution of a sentence imposed is a matter of grace and not a legal right of the defendant. It is a matter of discretion for the trial court. In the exercise of its discretion the court may revoke such suspension at any time during the stay, without notice to defendant. The revocation of the order suspending the execution of the sentence did not violate any statutory or constitutional rights of this defendant. She was in charge or custody of the court and subject to have her sentence enforced by revocation of the suspension order at any time during the stay.

We are asked to disregard the supplemental return presented by Judge Parks because it was not made or filed in the municipal court until after the writ of *certiorari* was issued and served. The writ stayed further proceedings in the municipal court but did not preclude the judge of that court, to whom the writ was issued, from making a return to show what actually occurred in his court prior to the time the writ issued. The entries in the clerk's docket in cases of this kind are not conclusive and are ordinarily brief and incomplete. Even if the original sentence was to the workhouse, the general rule is that, before execution of the sentence has begun, the court has power to reconsider, revise, and correct it by increasing or mitigating its severity. 16 C. J. § 3096-1, p. 1314, and citations in note 5.

Defendant contends that because the order originally vacating the stay of execution of sentence failed to state the reasons therefor it was erroneous and of no effect. The provisions of 2 Mason Minn. St. 1927, § 9938, read as follows:

"Before sentence has been indefinitely suspended the court shall have power, in the exercise of its discretion, to revoke the order staying sentence and releasing such person on probation, without

notice and at any time or place mentioned in section two of this act, stating in such order of revocation the reasons therefor; in which case the sentence theretofore imposed shall be executed in all respects as though no proceedings under this act has been taken."

We do not hold that the clause, "stating in such order of revocation the reasons therefor," is or was intended to be a jurisdictional requirement limiting the power of the court to revoke an order suspending execution of sentence. It is not so stated. It is not a limitation of power, but a direction to the court. Failure, through inadvertence, to comply therewith does not invalidate the order made. The return fairly shows that defendant was informed as to the reasons for revoking the suspension. Had she or her counsel requested that the reasons for the order be included therein, no doubt the judge would have granted the request. If in such a case we should hold the order invalid on the ground here claimed, the trial court could at once, after such decision was remanded, make a new order, stating its reasons, and committing defendant. *Certiorari*, here invoked as a remedy, will not require the reversal of the trial court for mere irregularities which are not jurisdictional and have not affected defendant's legal or constitutional rights.

Something is said in the briefs for defendant about the order revoking the suspension of execution of sentence being an attempt to punish the defendant for contempt. The record does not sustain any such claim.

It is claimed that the court acted capriciously and arbitrarily in revoking the suspension of execution of the sentence. The return here made to the writ of *certiorari* does not show such abuse of discretion in that respect as to require interference by this court. The conviction stands unchallenged. The punishment imposed is such as is authorized by the law and ordinance, and the enforcement of the sentence imposed is within the discretion of the trial court.

Some point is made that the charter provides for sentence to the workhouse. That provision of the charter would not seem to prevent the court from committing women prisoners to the county

jail if conditions at the workhouse are such as to make it improper or undesirable to confine such prisoners there.

The writ of *certiorari* is discharged and case remanded.