THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HAROLD HILL, Appellant.

County Court, Otsego County, September 3, 1937.

*James J. Byard, Jr.,* for the appellant.

*Joseph P. Molinari, District Attorney* [*Joseph S. Deery* of counsel], for the respondent.

LEAMY, J. On the 20th day of March, 1937, the defendant Harold Hill was arrested in the village of Cooperstown on a charge of public intoxication. He was committed to jail and upon his arraignment the next morning he was represented by counsel and pleaded guilty to the charge. The court thereupon adjudged him guilty upon his plea and sentenced him to six months in the Albany County Penitentiary, sentence being suspended, according to the court's docket, upon the following conditions: " That defendant refrain from drinking intoxicating liquors and keep out of all places where intoxicating liquors are sold. That defendant shall continue working at the Cooper Inn during the week of March 21st, 1937. At the end of the said week out of his earnings he shall pay C. G. Tennant $5.00, and the balance of his earnings shall be paid to his wife Edith Hill, for support of his family. That at the end of the said week of March 21st, 1937, defendant shall go to his brother-in-law's, at or near Boonville, N. Y., where he shall stay, and with the aid of his brother-in-law try to secure a steady job. His earnings shall be sent home less amount necessary to pay board and incidental expenses, for the support of his wife and family. During the said period it is understood that his family shall occupy the premises he now occupies, owned by his mother. Rent shall be paid if his earnings are sufficient to do so."

On or about the 2d day of July, 1937, depositions were presented to the court which had suspended sentence that one John Dwinski had seen the defendant in an intoxicated condition on the evening of June 29, 1927, and that one Harry Freeman, the welfare officer of the town of Otsego, had seen the defendant in an intoxicated condition on June 30, 1937. A warrant was issued July 2, 1937, stating that:

" Information upon oath having been this day laid before me, that Harold Hill has violated his parole dated March 21st, 1937, whereas he was sentenced to six months in the Albany County Penitentiary and sentence suspended on condition that he keep sober, etc., and accusing Harold Hill thereof.

" You are therefore, commanded forthwith to arrest the above named Harold Hill and bring him before Russell Warren, Justice of the Peace at his office in the Town of Otsego, Cooperstown, County of Otsego, N. Y."

The defendant was arrested by virtue of said warrant and brought before the court on the same day. The record of the proceedings states that the defendant was brought into court, the charge read to him, together with the depositions of Dwinski and Freeman; the court adjudged that the defendant had violated his " parole " dated March 21, 1937, and that the defendant was sentenced to

six months in the Albany County Penitentiary. On the back of the deposition of Freeman a certificate of conviction was indorsed, reading as follows:

"The People against Harold Hill

"It appears to me from the depositions and other evidence at hand that Harold Hill has failed to keep sober and abide by the orders of the Court when he was given a suspended sentence of six months in the Albany County Penitentiary, I therefore sentence him this day to serve six months in the Albany County Penitentiary.
"July 2nd, 1937.

"RUSSELL WARREN
"*Justice of the Peace.*"

The defendant now appeals from this judgment of July 2, 1937, on the ground that the information and depositions used in the case were not made in compliance with the Code of Criminal Procedure, on the ground that the defendant was denied the opportunity of cross-examining Freeman and Dwinski, on the ground that the defendant was denied the right to a hearing and the opportunity to procure counsel, on the ground that the sentence was excessive, on the ground that the defendant was deprived of his constitutional rights, and on the ground that the court below exceeded its powers.

The court below obviously had original jurisdiction of the defendant and the offense. Upon his plea of guilty, when arraigned for the original offense, the court could suspend sentence and place him on probation. It is to be assumed that the court was acting under the provisions of title IX of the Code of Criminal Procedure when fixing the conditions of probation. Without commenting on the validity of all these conditions, it suffices to say that the court had the power to impose the condition that the defendant refrain from drinking intoxicating liquors. (Code Crim. Proc. § 932, cl. [a].) Although the court below had no probation officer, it is a court within the definition of section 927 and, therefore, would have the right to impose conditions within section 932. Section 935 provides that upon a violation of probation, "the court may issue a warrant for his arrest and may commit him with or without bail. On his being arraigned and after an opportunity to be heard the court may revoke, continue or modify his probation. If revoked, the court may impose any sentence it might have originally imposed."

Counsel for defendant places great stress upon the fact that the defendant was not given an opportunity to cross-examine Freeman and Dwinski, was not given an opportunity to obtain an attorney, and was not granted a hearing. Just what is contemplated by a

"hearing" when a defendant is arrested for violation of probation is not defined by the statute. It cannot mean that the court is obligated to try the fact of defendant's violation before rendering judgment in such a situation. (*People ex rel. Forsyth* v. *Court of Sessions*, 141 N. Y. 288, 296.) The very least that it can mean, however, is that the defendant be apprised of the facts alleged to constitute the violation of his probation and that he be given an opportunity to inform the court of any facts which would tend to contradict, explain or mitigate the violation. (*People ex rel. Stumpf* v. *Craig*, 79 Misc. 98.) While the record of the proceeding before the court below indicates that the charge was read to the defendant, it does not indicate that he was given an opportunity to be heard on his own behalf. Without such an opportunity the proceeding becomes a mere formality in which the defendant had no part and the words of the statute become meaningless.

This error makes it unnecessary to consider the other objections urged by the defendant. I am constrained to hold, therefore, that the defendant was not accorded an opportunity to be heard within the meaning of section 935 of the Code of Criminal Procedure, and that, because of this error, the judgment of the court below that the defendant violated his probation should be reversed and the defendant discharged.