## IN THE MATTER OF THE APPLICATION OF MAX HABER FOR A WRIT OF HABEAS CORPUS.

Argued June 24, 1944—Decided July 26, 1944.

Before Justice PORTER, at chambers.

For the applicant, *Thomas H. Brown.*

For the state, *Walter D. Van Riper,* Attorney-General, and *Simon L. Fisch,* Deputy Attorney-General.

The opinion of the court was delivered by

PORTER, J. This matter is before us on the return of a writ of *habeas corpus* issued on the petition of Max Haber.

On June 9th, 1944, a raid was made on a place of gambling in Hudson County under the direction of the Attorney-General in charge of the office of Prosecutor of the Pleas of that county. Among a number of persons found in the place and taken into custody was Max Haber. Haber had but a short time previously been indicted by the Hudson County grand jury on two charges of gambling; and on May 5th, 1944, when arraigned before Judge Roberson in the Quarter Sessions on those indictments, he entered a plea of guilty whereupon he was sentenced to serve a term in state prison of from one to three years and to pay a fine of $1,000. The prison sentence was suspended, and Haber was placed on probation until the fine and costs were paid. It was stated at the hearing and not denied that he was given a card by the probation officer which bore conditions of the probation. Among other things the card instructed him to "Indulge in no unlawful or injurious habits of conduct. Avoid harmful associates and evil places. Lead a clean, honest and temperate life." He had paid $45 on account of the fine and costs. When arraigned early in the morning of June 10th before Judge Roberson, he was given a summary hearing for violation of his probation and was resentenced to state prison on the said indictments for a term of from one year to three years. At that arraignment he admitted to the court that he had been in the raided gambling place but said that he had gone there for the purpose of borrowing sufficient money to complete the payment of the fine which had previously been imposed upon him.

It is argued in Haber's behalf that when Judge Roberson imposed the sentence on May 5th and then suspended the prison term, he had lost jurisdiction and that therefore he was without power to resentence him. We think not. The suspension of the prison term clearly was only during good behavior. He was on probation until the fine was paid. It was within the power of the judge to determine whether there had been a violation of probation. The proceedings

were summary under *R. S.* 2:199–4. It was not a trial but a summary hearing or a continuation of the original arraignment at which the plea of guilt was entered. Hence there was no violation of the defendant's right of due process as is argued.

We conclude that the writ was improvidently issued, and it will therefore be quashed.