**WEBER, EX PARTE, In re.**

Ohio Appeals, First District, Butler County.

No. 892.   Decided February 23, 1945.

Andrews & Weiss, Hamilton, for petitioner.
Paul A. Baden, Prosecuting Attorney, Hamilton.

**OPINION**

By HILDEBRANT, P. J.

Application for writ of habeas corpus denied by trial court. Appeal to this court on questions of law.

Petitioner entered a plea of guilty to each of two affidavits filed against him by the Health Commissioner of Butler County, Ohio, before a Justice of the Peace, and was fined $500 and $100 respectively; each sentence being suspended by the Justice, as appears by the following entry on the docket in each case:

"It is further adjudged and ordered that the fine of $500.00 be and is hereby suspended during good behavior and upon payment of said costs."

"It is further adjudged and ordered that the fine of $100.00 be and is hereby suspended during good behavior and upon the payment of said costs."

The costs were paid by petitioner, and thereafter, on report of the Health Commissioner to the Justice of the Peace, the suspensions were revoked and defendant notified of that action by registered mail.

Thereafter, the Justice issued executions in each case for fine and costs, as provided in §13,454-2 GC, which reads:

"When a judge or magistrate renders judgment for a fine, an execution may issue for such judgment and costs of prosecution, to be levied on the property, or, in default thereof, upon the body of the defendant. The officer holding such writ may arrest such defendant in any county and commit him to the jail of the county in which such writ issued, until such fine and costs are paid or secured to be paid, or he is otherwise legally discharged."

The return of the executions except for deletion of the word "also" in the first case reads as follows:

Received this writ Oct. 18, 1943, and by virtue of "its commands, I have also arrested and committed the within named George Weber to the County Jail as within commanded, and left with the keeper thereof a certified copy of this writ.

HENRY L. COLLINS, Constable."

Petitioner complains of the proceeding before the Justice at the time of entering the plea of guilty, but it is obvious that appeal would have been the proper remedy and in accordance with the familiar doctrine that habeas corpus may not be substituted for such remedy, those contentions must fail.

It is urged that having paid the costs at the time sentence was suspended, the phase "during good behavior" is meaningless, and the Court, acting on the report of the Health Commissioner was without power to revoke the suspension sua sponte, without petitioner being present with opportunity to be heard and defend.

In 15 Am. Jur., p. 138, section 483, contains the following:

"The power to suspend sentence during the good behavior of the defendant has been questioned even in those jurisdictions where an indefinite suspension is allowed. This objection is placed on the ground that such action of the court expresses a condition, on compliance with which the offender would be absolutely relieved from all punishment and freed from the power of the court to pass sentence, and that courts cannot abdicate their own powers and duties or tie their own hands in such a way that after sentence has been suspended, they are unable to inflict the proper punishment in the exercise of a sound discretion when deemed to be in the interest of justice. It has been held, however, that no such condition is implied and that sentence may therefore properly be suspended during good behavior."

Section 484, Am. Jur., Vol. 15, defines what constitutes "good behavior" as follows:

"Good behavior means conduct conforming to the law. Misconduct violative of a condition of good behavior may be of a different nature from that of the original offense."

In 12 O Jur, p. 682, the phrase "good behavior" appears in connection with probationary sentences, and appears to be an

accepted phrase. From the above, we conclude that the action of the Justice in suspending the sentence during "good behavior" was proper. While the main point in the case of **Weber v State, 58 Oh St 616,** is no longer the law, the following comment pertinent here appears at page 619:

"But when the suspension is without express conditions, as in this case, it is within the power of the court to set aside the suspension at any time during the same term, on its own motion, and to order the sentence to be executed."

The broad ground referred to in People v Goodrich, 149. N. Y. S. 406, to the effect that the suspension is a matter of grace only, vesting no rights in the defendant, and may be revoked by the court, on its own motion, on learning of facts satisfactory to the conscience of the court, seems to justify such action.

The principal contention is that the return of the constable fails to show an attempt to levy on property and a want of the same before seizing the body of the defendant, and the claim is made in argument that defendant actually did have property upon which the constable could have levied. However, there is nothing in the record to substantiate that claim and therefore this Court feels bound to presume that the constable proceeded without any irregularity in the service of the process. **17 O Jur, Sec. 104, p. 129.**

It further appears that habeas corpus is not the proper remedy for correcting errors and irregularities in the proceedings or sentence. **20 O Jur, Sec. 23, p. 445.**

The judgment of the court below will be affirmed, this Court basing its detention of the petitioner, however, on the commitment in the first case, since the affidavit in the second case shows on its face it is made under §4414 GC, which is found under the heading of "Municipal Corporations" in the Code, and, hence, may well fail to cover violations of the orders of the County Board of Health, as distinguished from a City Board of Health.

HILDEBRANT, P. J., & MATTHEWS, J., concur in the syllabus & opinion.

ROSS, J., concurs in the first & second paragraphs of the syllabus & in judgment.