Strafford,
May 21, 1948. } No. 3756.

ERNEST A. CARPENTER *v.* HARRY O. BERRY & a.

*Alfred Catalfo, Jr.* (by brief and orally), for the petitioner.

*Frank W. Peyser*, Solicitor (by brief and orally), for the State.

BLANDIN, J. The petition for *habeas corpus* must be denied, and in so deciding we are treating the matter as though the petition were properly amended by adding an application for a writ of *certiorari*. *Kruzas* v. *O'Dowd*, 83 N. H. 173. Since calling for the mittimus was an administrative rather than a judicial function (*Couture* v. *Brown*, 82 N. H. 459) neither reason nor authority appear to prevent the Municipal Court from entrusting the performance of this act to the city marshall who was by virtue of statute a constable and conservator of the peace. R. L., c. 65, s. 9. But as was said in the *Couture* case (*pp.* 460, 461) the question whether such authority could be conferred upon him is "of . . . no practical consequence" since "the petitioner was not entitled as of right to any indulgence whatever. The stay of sentence was a favor to him . . . and having accepted it he cannot now be heard to say that the condition on which it was granted is invalid." See also, *Philpot* v. *State*, 65 N. H. 250, 251; *State* v. *Railroad*, 75 N. H. 327, 333-335, and cases cited.

Although it is conceded that the case does not arise under the probation statute (R. L., c. 379 s. 14), the respondent goes on to claim that he was entitled to a hearing upon the mittimus as a matter of right before being committed on the question of whether he had violated any of the conditions upon which his sentence was suspended. A short answer to this is that no conditions appear in the agreed statement of facts before us, but it makes no difference whether the suspension was on condition that the petitioner make his payments as ordered (see R. L., c. 340, s. 18) or under the general powers which our courts have always exercised to suspend sentences for other good reasons. See *State* v. *Drew*, 75 N. H. 402, and cases cited; *Philpot* v. *State, supra; Sylvester* v. *State*, 65 N. H. 193. The fundamental difficulty with the petitioner's position is that he would enlarge a mere favor into a right. He had no right to any suspension with or without conditions. *Couture* v. *Brown, supra; Philpot* v. *State, supra*, 250, 251. Nor does it matter whether the conditions, if any, were valid or invalid because the imprisonment is not inflicted for breach of any condition of which the petitioner may be found guilty upon another

hearing, but for violation of the law under which he stands convicted by the Municipal Court's finding of guilty from which he has not appealed. *Couture* v. *Brown, supra; State* v. *Drew, supra; State* v. *Drew,* 75 N. H. 604; *Philpot* v. *State, supra; Sylvester* v. *State, supra.* As was said in the *Couture* case (*p.* 460) the order contemplated no "further hearing either on the part of the solicitor [city marshall] or the Court." Furthermore, as our courts have repeatedly held in the line of cases bearing on this subject, the question whether the petitioner has violated any conditions is triable if at all in the court making the order and from its decision no appeal lies. *Kruzas* v. *O'Dowd,* 83 N. H. 173; *Sylvester* v. *State, supra; Philpot* v. *State, supra.* See also, *State* v. *Coan,* 91 N. H. 489. *Dictum* in the case of *State* v. *Owen,* 80 N. H. 426, and in the *Kruzas* case, if it may be said inferentially to support the petitioner's claims, is not controlling, and the *Kruzas* opinion makes it abundantly clear that if there is any question of a violation of a condition to be heard the court making the order is the one to hear it. True it is that the Supreme Court retains its power to correct errors and abuses under R. L., *c.* 369, *s.* 2, (see *Ballou* v. *Ballou, ante,* 105), but abuse of discretion on the part of the lower court is not to be presumed, nor is there any evidence of it in the record before us.

Further, it may be pointed out that in the *Couture* case the court in speaking of an order similar to the one under consideration here said (*p.* 460) "orders like that under discussion have been common in this state for many years and have afforded a just and convenient method of administering the criminal law." Though the order in the *Couture* case concerned a violation of the liquor law the language is particularly applicable to orders such as the one before us, the purpose of which is to enforce a fundamental and just obligation on the part of a father to support his minor children. To hold that such an order entitled the petitioner to a further hearing as a matter of right on the question of the violation of any implied condition would enlarge a favor into a right and would result in two or more trials in the future, with inevitable delay and expense, where one in the past has been held sufficient to meet the ends of justice. While the law must scrupulously guard the rights of all, the extension of favors is not to be encouraged to those who stand guilty of a willful violation of one of the first legal and moral obligations of mankind.

The petitioner's final claim is that he is entitled to discharge because the mittimus bore no seal contrary to the provisions of our constitution (*Pt.* II, *art.* 87) and our statute (R. L., *c.* 386, *s.* 2) and

154

is therefore void. Conceding this to be so it does not avail him. It is undisputed that the Trial Court had jurisdiction of the person, the offense and had power to pronounce the sentence in question. The sentence has not expired and under such circumstances the great weight of authority is that habeas corpus does not lie. 39 C. J. S., Habeas Corpus, *s.* 27*c.* The commitment here is by virtue of the lawful sentence and the mittimus is a mere ministerial act for carrying the sentence into effect. 24 C. J. S., Criminal Law, *s.* 1607; see also, *Couture* v. *Brown, supra.* This being so "a defective [mittimus] warrant of commitment does not make the prisoner's detention unlawful or call for his release." 24 C. J. S., Criminal Law, *s.* 1608, *p.* 163. See also, *In Re Thayer,* 69 *Vt.* 314; *People* v. *Baker,* 89 N. Y. 460; *In Re Rogers,* 75 Vt. 329; *Watkins* v. *Merry,* 106 Fed. (2d) 360, 361. The record may be resorted to in this case to warrant the petitioner's detention until the proper mittimus is supplied. 24 C. J. S., Criminal Law, *s.* 1609, and cases cited. Authority and common sense combine to support the proposition that a person legally found guilty of an offense and sentenced by a court of competent jurisdiction shall not be allowed to thwart justice because of an easily remediable defect in the purely ministerial process of conveying him to jail.

*Petition dismissed.*

All concurred.