[Crim. No. 4429.   Second Dist., Div. Three.   Feb. 17, 1950.]

In re ALBERT DEARO, on Habeas Corpus.

142

Bertram H. Ross for Petitioner.

W. E. Simpson, District Attorney (Los Angeles County), and Jere J. Sullivan, Deputy District Attorney, for Respondent.

SHINN, P. J.—On March 13, 1949, Albert Dearo was convicted in the City Court of the City of San Fernando of violating a city ordinance declaring it a misdemeanor to be drunk in a public place. He was sentenced to the county jail for 180 days. Sentence was suspended and he was placed upon probation for a period of two years upon specified conditions. On October 25, 1949, the city court revoked his probation and he was committed to the county jail to serve the sentence previously pronounced. By this petition in habeas corpus, Dearo seeks to obtain his release upon the ground that the order revoking probation was void and in violation of the Constitution of the United States and the Constitution of the State of California because petitioner was not present in court or represented by counsel and was given no opportunity to be heard in respect to revocation. It is also alleged that petitioner did not in any way violate any of the terms and conditions of probation.

The order revoking probation was based solely upon the report of a probation officer which stated that petitioner had been charged with assault with intent to commit murder and assault with intent to commit robbery, consisting of the attempted robbery of one Talamontes by a gang of eight Mexican boys, in which Talamontes was beaten and shot in the leg; on September 12, 1949, petitioner was found guilty of simple assault, the robbery charge was dismissed, and petitioner was sentenced to serve two months in the county jail. At the time of the probation officer's report petitioner was still serving this sentence. The report stated further that in violation of

the express conditions of his probation petitioner had continued to use intoxicating liquor, failed to obtain employment, and continued to associate with "his same old undesirable companions."

Section 1203.2 of the Penal Code provides that "[a]t any time during the probationary period . . . the court may in its discretion . . . revoke and terminate such probation, if the interests of justice so require, and if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is violating any of the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates or a vicious life."

The court was authorized to revoke probation solely upon the basis of the probation officer's report. Petitioner had already been sentenced and was not entitled to notice and a hearing. The absence of opportunity to appear and be heard did not violate any constitutional right of petitioner. Probation is not a matter of right; it is an act of clemency, the granting and revocation of which are within the sound discretion of the trial court. (*People* v. *Silverman*, 33 Cal.App. 2d 1, 5 [92 P.2d 507].) Nor are probation proceedings a phase of the criminal prosecution in which the accused has a right "to appear and defend, in person and with counsel." (Const., art. I, § 13; *People* v. *Fields*, 88 Cal.App.2d 30, 33 [198 P.2d 104].) Although a hearing as to revocation should be granted in the interest of fairness and sound judicial administration, if the ex parte showing is less than conclusive, it is a discretionary matter under our probation law and does not go to jurisdiction. It is well settled that where judgment has been duly pronounced and then suspended upon granting of probation, the probation may be revoked without notice and the defendant ordered committed pursuant to the judgment. (*People* v. *Blankenship*, 16 Cal. App.2d 606 [61 P.2d 352]; *People* v. *Scott*, 74 Cal.App.2d 782, 784 [169 P.2d 970]; see, also, *In re Young*, 121 Cal.App. 711 [10 P.2d 154] and cases there reviewed; *People* v. *Hunter*, 42 Cal.App.2d 87, 91-92 [108 P.2d 472]; *People* v. *Tibbits*, 60 Cal.App.2d 335, 337 [140 P.2d 726]; *cf., People* v. *Williams*, 24 Cal.2d 848 [151 P.2d 244].) The court may act informally but it may not act arbitrarily; to be valid the order of revocation must be based upon a factual showing sufficient to justify an exercise of discretion. (*In re Cook*, 67 Cal.App. 2d 20, 26 [153 P.2d 578].) The granting of probation has al-

ways been regarded in California as a matter of grace and forbearance and the revocation of probation as an informal matter in which procedural steps of a trial need not be observed; and the Legislature has not changed the law in these respects. To hold, at this late date, that a probationer has a constitutional right to notice and a hearing (trial) would be a repudiation of everything that has been said on the point in previous cases.

The great preponderance of authority in other jurisdictions is clearly in accord with the rule established in our state that probation is a matter of grace. It necessarily follows that there is no constitutional right to notice and hearing on revocation of probation or suspended sentence. (*Varela* v. *Merrill*, 51 Ariz. 64 [74 P.2d 569]; *Pagano* v. *Bechly*, 211 Iowa 1294 [232 N.W. 798]; *People* v. *Dudley*, 173 Mich. 389 [138 N.W. 1044]; *State ex rel. Jenks* v. *Municipal Court*, 197 Minn. 141 [266 N.W. 433]; *Ex parte Boyd*, 73 Okla.Crim. 441 [122 P.2d 162]; *Brozosky* v. *State*, 197 Wis. 446 [222 N.W. 311]. Accord: *Mincey* v. *Crow*, 198 Ga. 245 [31 S.E.2d 406]; *Carpenter* v. *Berry*, 95 N.H. 151 [59 A.2d 485]; *People ex rel. Pasco* v. *Trombly*, 173 App.Div. 497 [160 N.Y.S. 67]; *In re Weber*, 75 Ohio App. 206 [61 N.E.2d 502]; *Ex parte Haber*, 132 N.J.L. 49 [38 A.2d 448]; *State* v. *Miller*, 122 S.C. 468 [115 S.E. 742].) For substantially the same reasons, the prevailing rule is that parole or conditional pardon may also be validly revoked without notice or hearing. (*In re Smith*, 33 Cal.2d 797, 804 [205 P.2d 662]; *Fuller* v. *State*, 122 Ala. 32 [26 So. 146, 82 Am.St.Rep. 17, 45 L.R.A. 502]; *Pippin* v. *Johnson*, 192 Ga. 450 [15 S.E.2d 712]; *State ex rel. Davis* v. *Hunter*, 124 Iowa 569 [100 N.W. 510, 104 Am.St.Rep. 361]; *In re Patterson*, 94 Kan. 439 [146 P. 1009, L.R.A. 1915F 541]; *Wright* v. *Herzog*, 182 Md. 316 [34 A.2d 460]; *Guy* v. *Utecht*, 216 Minn. 255 [12 N.W.2d 753]; *People ex rel. Hannon* v. *Warden*, 209 App.Div. 521 [205 N.Y.S. 235]; *Ex parte Paquette*, 112 Vt. 441 [27 A.2d 129]; 39 Am.Jur. § 77, p. 568. But cf., *People ex rel. Joyce* v. *Strassheim*, 242 Ill. 359 [90 N.E. 118]; *Fleenor* v. *Hammond*, (6 Cir.) 116 F.2d 982 [132 A.L.R. 1241].) ▮▮ It is generally recogized by the authorities that while revocation is largely a discretionary matter, the rights of the individual are adequately protected by the availability of habeas corpus to redress wholly arbitrary conduct on the part of the revoking official. (See *In re Cook, supra.*)

Our research has disclosed only four jurisdictions in which

the right to notice and hearing on revocation of probation has been said to be a constitutional one. (*Ex parte Lucero,* 23 N.M. 433 [168 P. 713] ; *State* v. *O'Neal,* 147 Wash. 169 [265 P. 175], following the Lucero case; *State* v. *Zolantakis,* 70 Utah 296 [259 P. 1044, 54 A.L.R. 1463], denial of hearing held error; and *Brill* v. *State,* 159 Fla. 682 [32 So.2d 607], *dictum* only. *Cf., State* v. *Bonza,* 106 Utah 553 [150 P.2d 970], *dictum* that due process is met by hearing.)   In these jurisdictions, probation appears to be regarded not as an act of clemency, but as a substantial judicially established right of the defendant of which he may not be divested without a trial. The rationale of the decisions is not in accord with the views expressed in the California cases and other leading decisions, which we have cited, and we see no occasion to follow them. Many of the cases cited in the annotations (54 A.L.R. 1471; 60 A.L.R. 1420; 132 A.L.R. 1248) in support of the proposition that notice and hearing are prerequisites to revocation merely hold, without reference to or discussion of constitutional guarantees, that *statutes* providing for notice and hearing must be followed (see *Plunkett* v. *Miller,* 161 Ga. 466 [131 S.E. 170] ; *People* v. *Enright,* 332 Ill.App. 655 [75 N.E.2d 777] ; *Blusinsky* v. *Commonwealth,* 284 Ky. 395 [144 S.W.2d 1038] ; *People* v. *Myers,* 306 Mich. 100 [10 N.W.2d 323] ; *People* v. *Hill,* 164 Misc. 370 [300 N.Y.S. 532] ; *State* v. *Burnette,* 173 N.C. 734 [91 S.E. 364] ; *State ex rel. Vadnais* v. *Stair,* 48 N.D. 472 [185 N.W. 301] ; *Howe* v. *State,* 170 Tenn. 571 [98 S.W.2d 93] ; *In re Hall,* 100 Vt. 197 [136 A. 24]), or that failure to give notice and hearing according to ordinary standards of acceptable procedure may constitute reversible *error* (see *People* v. *Hodges,* 231 Mich. 656 [204 N.W. 801] ; *Sellers* v. *State,* 105 Neb. 748 [181 N.W. 862] ; *Slayton* v. *Commonwealth,* 185 Va. 357 [38 S.E.2d 479].   See, also, *In re Hall,* 78 Okla.Crim. 83 [143 P.2d 833].)   Such cases, of course, are of no avail to petitioner here, in view of the fact, which must be conceded, that the procedure followed was strictly in accordance with the governing statute.   In *Escoe* v. *Zerbst,* 295 U.S. 490, 492-493 [55 S.Ct. 818, 79 L.Ed. 1566, 1568-1569], in which an order revoking probation upon the basis of a probation officer's report, without a hearing as required by federal statute, was held to be invalid, Mr. Justice Cardozo, speaking for a unanimous court, stated, "In thus holding we do not accept the petitioner's contention that the privilege has a basis in the Constitution, apart from any statute.   Probation or suspension of sentence comes as an

act of grace to one convicted of a crime, and may be coupled with such conditions in respect of its duration as Congress may impose. *Burns* v. *United States,* 287 U.S. 216 [53 S.Ct. 154, 77 L.Ed. 266]."

The showing in the present case was more than sufficient to warrant revocation of probation, and was in a form permitted by law.

The writ is discharged and the petitioner is remanded.

Wood, J., concurred.

VALLÉE, J.—I dissent. A court should hear before it condemns. In my opinion, revocation of the suspension of execution of sentence without reasonable notice to the defendant and an opportunity to be heard on the issue of whether he violated the terms of the suspension—unless after the exercise of reasonable diligence notice cannot be given and an opportunity to be heard cannot be afforded (see *People* v. *Williams,* 24 Cal.2d 848, 853 [151 P.2d 244])—constitutes a deprivation of the defendant's rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and by article I, section 13, of the Constitution of California. In nearly every jurisdiction in which the question has arisen, it has been held that a convicted defendant, released under a suspended sentence, or under a suspension of execution of sentence, is entitled to notice and a hearing on the issue whether he has violated the conditions of the suspension before it may be revoked. See cases collected in 54 A.L.R. 1471; 60 A.L.R. 1420; 132 A.L.R. 1248; 15 Am.Jur. § 500, p. 151. It would be a fruitless task to analyze here each of the many cases from other jurisdictions cited by the majority. Careful study and analysis of them will readily disclose that few, if any, support the propositions for which they are cited. Scrutiny of the cases directly in point on the subject reveals that the statement found in American Jurisprudence is correct. That statement reads: "In a number of cases the view has been taken that a convicted defendant, released under a suspended sentence, is entitled to notice and a hearing on the issue whether he has broken the conditions of the suspension of sentence, before the suspension may be revoked. This hearing must be according to some well-recognized and established rules of judicial procedure; an affidavit or other pleading setting forth the facts relied on for revocation must be filed, with opportunity to plead to the charge, and the right

to cross-examine witnesses must be given before revocation can be decreed. . . . *In a few jurisdictions* the revocation of a suspension rests within the discretion of the court, and a prisoner may be compelled at will to serve out his sentence.'' (15 Am.Jur. § 500, p. 151.) (Italics added.)

The opinion and decision here are in direct conflict with *In re Cook,* 67 Cal.App.2d 20 [153 P.2d 578]. In that case it was squarely held that suspension of execution of sentence cannot be revoked without notice to the defendant and an opportunity to be heard. The Cook case is the only California case in which the constitutional question was directly presented and decided. It is well reasoned, correctly decided, and should be followed.

The reasoning of the majority is specious but beside the point. It accepts as true, as did the city court, the report of the probation officer, of which the defendant was not given notice, and which he was not given an opportunity to refute. Constitutional rights should neither be scuttled nor whittled away because the case may be a hard one.