Cheshire
No. 84-018

THE STATE OF NEW HAMPSHIRE

v.

BEATRICE CALLAGHAN

August 13, 1984

*Gregory H. Smith*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

BROCK, J.   The defendant, Beatrice Callaghan, pleaded guilty to a charge of armed robbery in Superior Court (*Dalianis*, J.). On April 11, 1983, she was sentenced to a prison term of not more than seven-and-one-half and not less than two years. On September 9, 1983, she filed a motion for suspension of the remaining term of her sentence, and requested a hearing.

The trial court denied the motion on the authority of RSA 651:20 (Supp. 1983), which reads in pertinent part:

> "the sentence to imprisonment of any person may be suspended, at the time of sentence unless otherwise ordered by the court, or at any time while any part of the sentence remains unserved, but a petition to suspend sentence may not be brought less than 2 years after commencement of said sentence nor more frequently than every 2 years thereafter."

After her motion for reconsideration was denied, the defendant brought this appeal, arguing (1) that the legislature did not intend, in enacting RSA 651:20 (Supp. 1983), to foreclose defendants serving a minimum sentence of two years or less from any possibility of petitioning for suspension; and (2), in the alternative, that a law which does foreclose such a possibility violates her constitutional right to equal protection of the laws. U.S. CONST. amend. XIV § 1; N.H. CONST. pt. I, art's 1 and 12. We find no error and affirm.

The language of the statute is not ambiguous. Read either by itself or in the context of its predecessor statute, *see* Laws 1979, 407:3, it prohibits the filing of a petition for suspension for a period of two years after commencement of a sentence. The defendant remains free to request suspension at trial *before* sentence is imposed, and the court is given much broader discretion than previously to suspend a sentence on its own motion at any time.

The defendant's first argument, that the legislature could not have intended to cut off for two years *all* possibility of a petition, is contrary to both the statute's plain language and its legislative history. The current statute was the product of a conference committee

which had before it, and rejected, a bill passed by the House that would have permitted the filing of a petition within 180 days of sentencing, and then would have imposed the two-year ban if the petition was denied. *See* N.H.H.R. JOUR. 883–84, 1021 (1981) (proceedings on SB 93). Thus, the legislature clearly intended to proscribe all suspension petitions for two years after sentencing, regardless of the length of the sentence.

The defendant's alternative argument is that the statute violates constitutional guarantees of equal protection, by denying her a benefit which is available to others—the right to petition for suspension—solely because of the short length of her minimum sentence. This argument, however, proves too much. "The first inquiry concerning equal protection is whether persons similarly situated are being treated differently under the statutory law." *Gazzola v. Clements*, 120 N.H. 25, 29, 411 A.2d 147, 151 (1980). Here, all defendants with similar sentences are treated similarly.

It is difficult to see any logic in a claim that defendants who are sentenced to more than two years in prison are better off than those who are sentenced to shorter terms, on the sole ground that those in the first group may petition for suspension after those in the second group have been released. At most, we might invoke the requirement that the restrictions imposed by the statute "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation." *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920), *quoted in Park v. Rockwell Int'l Corp.*, 121 N.H. 894, 899, 436 A.2d 1136, 1139 (1981). The statute in question clearly satisfies this requirement.

The defendant acknowledges that the primary object of the 1981 amendment creating the two-year rule was to preserve or expand the court's power to suspend sentences while lightening its workload by means of a rule that would reduce the number of frivolous petitions for suspension. See N.H.S. JOUR. 535–37 (1981). The law's provisions were reasonably formulated to achieve this goal without impinging on any fundamental individual rights. While every defendant may request suspension at least once (before sentence is imposed), no defendant may petition more often than every two years.

In this case, it is the very nature of a suspended sentence that calls for deference to the legislative judgment. Because a suspended sentence is granted as a favor and not as a matter of right, *see Carpenter v. Berry*, 95 N.H. 151, 152, 59 A.2d 485, 487 (1948), the legis-

452

lature may circumscribe the court's power to suspend to a greater or lesser degree, provided that the sentencing process as a whole complies with the requirements of due process and with other constitutional constraints. *See, e.g., Gardner v. Florida,* 430 U.S. 349, 358 (1977); *Solem v. Helm,* 103 S. Ct. 3001, 3009–10 (1983). The provisions of RSA 651:20 (Supp. 1983) are well within the limits of this legislative authority.

*Affirmed.*

All concurred.