Merrimack
No. 84-176

THE STATE OF NEW HAMPSHIRE

v.

ALLEN GILES

February 22, 1985

*Stephen E. Merrill*, attorney general (*Robert B. Muh*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

MEMORANDUM OPINION

The Director of Motor Vehicles revoked the license of the defendant, Allen Giles, for two months, effective May 10, 1983. Following the two-month deprivation period, the defendant did not apply for reinstatement of his license.

On September 9, 1983, a New Hampshire State trooper stopped a truck driven by the defendant. The defendant could not produce a license, and a radio call to State police headquarters revealed that the defendant's license had been revoked. The defendant was arrested for driving after revocation or suspension, RSA 263:64 (Supp. 1983).

At the close of the State's case, the defendant moved to dismiss on the ground that there was no evidence that his license remained revoked as of September 9, 1983. The Superior Court (*Cann*, J.) denied the motion. After a jury trial, the defendant was found guilty and was sentenced to a suspended jail term of ten days and fined $200, $100 of which was suspended. The defendant appeals his conviction to this court.

The sole issue presented here is whether, under the provisions of RSA 259:90 (1982), the revocation of the defendant's license terminated by law at the end of the period of deprivation specified in the notice of revocation, or whether it continued in force until his driving privileges were restored.

The defendant apparently concedes that if the 1983 version of RSA 259:90, which states that revocation continues in effect until license restoration, is applicable to him, his conviction must stand. This statute became effective on August 23, 1983, and the defendant was arrested on September 9, 1983, for driving after his license had been revoked. He asserts, however, that because the 1982 version of RSA 259:90 was in effect when his license was *revoked*, that is the appropriate statute to apply in his case. Since the 1982 statute was not as specific in providing that license revocation remains in effect until reissuance of the license, the defendant argues that his license revocation ended after the two-month period.

Even if the defendant is correct in asserting that RSA 259:90 (Supp. 1983) is inapplicable to him, recent opinions of this court leave the defendant's argument without merit. Revocation of driving privileges continues in effect until the revokee regains his license. *State v. Callahan*, 126 N.H. 161, 489 A.2d 130 (1985); *State v. Batchelder*, 125 N.H. 694, 480 A.2d 209 (1984). Therefore, even under the 1982 version of RSA 259:90, the defendant's conviction must stand.

*Affirmed.*